

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED99727 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Thomas C. Grady |
| SAMUEL MEEKS, | ) | |
| | ) | Filed: |
| Appellant. | ) | April 8, 2014 |

Samuel Meeks was convicted after a jury trial of one count of assault in the first degree, one count of resisting arrest, one count of armed criminal action, two counts of unlawful use of a weapon and one count of unlawful possession of a weapon. Meeks was sentenced as a prior and persistent offender. On appeal, Meeks argues plain error in the verdict directing instruction for the resisting arrest charge and plain error in sentencing him as a persistent offender. The State concedes error in the sentencing. We reverse the conviction for resisting arrest and remand for a new trial. We also vacate the sentence on the assault conviction and remand for resentencing.

Viewed favorably to the verdict, the evidence at trial established that Meeks shot at another man during a National Night Out[1] block party in August of 2011. Police officers responding to the scene were told that Meeks had gone inside an apartment building. When the officers approached the building, they saw Meeks standing inside an

---

[1] This is a nationwide event organized in opposition to violent crime.

open front door. When Meeks saw the police, he slammed the door shut. The officers went inside with their weapons drawn and ultimately found Meeks crouched down in a stairwell. One officer yelled "Police. Let me see your hands." Meeks did not comply. His hands were at his side near his waistband, which the officer testified is where people often conceal weapons. So, the officers grabbed Meeks and tried to force him down onto his stomach. One of the officers kicked Meeks behind the knee to get the knee to buckle. Meeks was resisting while they tried to get him down; the officer explained it was a "passive" resistance in that he was not assaulting or punching the officers. Because the officers were larger than Meeks, they were able to force Meeks to the ground, but Meeks was "pushing up the entire time" trying to get back to his feet. The officers succeeded in gaining control of Meeks and put him in handcuffs.

Meeks was charged with, among other crimes, resisting arrest under Section 575.150 by using or threatening the use of violence or physical force for the purpose of preventing his arrest. After a jury trial, he was found guilty on all counts. He was sentenced to twenty years on the assault count as a prior and persistent offender and four years each on the other counts, all to run concurrently. This appeal follows.

In Point I, Meeks challenges the verdict directing instruction for resisting arrest. Because counsel did not object at trial or include this instructional error in a motion for new trial as required by Rule 28.03, the error was not preserved. Meeks seeks plain error review under Rule 30.20. We have discretion to review unpreserved claims of instructional error only if manifest injustice would otherwise occur. State v. Wurtzberger, 40 S.W.3d 893, 898 (Mo. banc 2001); State v. Mangum, 390 S.W.3d 853, 860-61 (Mo. App. E.D. 2013).

2

"In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." State v. Doolittle, 896 S.W.2d 27, 29 (Mo. banc 1995). We are more inclined to reverse in cases where the erroneous instruction did not merely include a wrong word or some other ambiguity, but excused the State from its burden of proof on a contested element of the crime. Mangum, 390 S.W.3d at 861; see also State v. Stover, 388 S.W.3d 138, 153-54 (Mo. banc 2012). Here, the instruction included an element of a crime for which Meeks had not been charged, and thereby misdirected the jury as to the applicable law and excused the State from its burden of proof on the charged crime.

Instruction 9 directed the jury to find Meeks guilty of resisting arrest if they found:

> First, that on or about August 2, 2001, in the City of St. Louis, State of Missouri, [the officer] was a law enforcement officer, and
>
> Second, that [the officer] was making an arrest of the defendant for assault in the first degree, and
>
> Third, that defendant knew or reasonably should have known that a law enforcement officer was making an arrest of the defendant, and
>
> Fourth, that for the purpose of preventing the law enforcement officer from making the arrest, the defendant resisted by using physical force or physical interference.

Meeks argues that paragraph Fourth of this instruction allowed the jury to find him guilty for "physical interference" with his own arrest and, thereby, deviated from the statute under which he was charged. We agree.

3

The plain language of the statute under which Meeks was charged clearly contemplates two distinct crimes—resisting one's own arrest and interfering with another's arrest:

> A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

Section 575.150.1; see also State v. Shatto, 786 S.W.2d 232 (Mo. App. W.D. 1990) (defendant charged separately with both interfering with arrest of another and resisting own arrest). "Physical interference" in the statute plainly refers only to interfering with someone else's arrest and, therefore, is not an element of the crime of resisting one's own arrest.

The State's suggested construction—that "physical interference" applies to both resisting one's own and resisting someone else's arrest—would require us first to ignore the plain language of the statute and then disregard well-settled principles of statutory construction:

> It is well settled, in interpreting a statute, that the legislature is presumed to have acted intentionally when it includes language in one section of a statute, but omits it from another. A disparate inclusion or exclusion of particular language in another section of the same act is powerful evidence of legislative intent.

4

State v. Bass, 81 S.W.3d 595, 604 (Mo. App. W.D. 2002). Therefore, we must presume that by omitting "physical interference" from the subparagraph for resisting one's own arrest, the legislature intended to exclude that as a means of committing that particular crime. Moreover, even if we thought it should have been included in that subparagraph, "courts cannot add words to a statute under the auspice of statutory construction." See State v. Vaughn, 366 S.W.3d 513, 518 (Mo. banc 2012).

The State also contends that this instruction comported with the applicable Missouri Approved Instructions and, therefore, it cannot have been error to give it. We disagree. The MAIs do not authorize the inclusion of this phrase unless the facts of the case support it, and to construe the MAI otherwise would conflict with the plain language of Section 575.150.1. The MAIs provide only one verdict director for both resisting with one's own and interfering with another's arrest:

> (As to Count ___, if) (If) you find and believe from the evidence beyond a reasonable doubt:
>
> First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, [*name(s) of law enforcement officer(s)*] (was a) (were) law enforcement officer(s), and
>
> Second, that [*name(s) of law enforcement officer(s)*] (was) (were) making an arrest of (the defendant) ([*name of person other than defendant*]) for [*name of offense*], and
>
> Third, that defendant (knew) (or) (reasonably should have known) that (a law enforcement officer) (one or more law enforcement officers) (was) (were) making an arrest of (the defendant) ([*name of person other than defendant*]), and
>
> Fourth, that for the purpose of preventing the law enforcement officer(s) from making the arrest, the defendant (resisted) (interfered) by (using) (threatening the use of) (violence) (or) (physical force) (or) (physical interference),

5

then you will find the defendant guilty (under Count ___) of (resisting) (interfering with) arrest.

MAI-CR3rd 329.60.2.[2]  Because this one MAI addresses two crimes, the parenthetical options are given so that the facts of the particular crime charged can be inserted where appropriate.  These options are consistent with the different language used in the statute for resisting one's own arrest and interfering with another's arrest.  See Section 575.151.1(1) and (2).  But the fact that "physical interference" is an option does not mean that it should be included in a case involving only the defendant's arrest, any more than the name of another arrestee should be included in such a case.  That is not how the MAIs are to be used: "parentheses enclose words or phrases that will be either omitted or included, *depending upon the facts of the case being submitted*."  MAI-CR3d "How to Use This Book" (emphasis added).  Therefore, when the facts of the case involve *only* the defendant's arrest, including the phrase "physical interference" is inappropriate because the statute only uses that language in reference to the arrest of another person.

We are obliged to mention one case—distinguished by Meeks, but not even cited by the State—which approved of an instruction virtually identical to the one here.  In Stewart v. State, the verdict director for resisting arrest included the same phrases to describe the defendant's resistance as used in our case:  "physical force or physical interference."   387 S.W.3d 424, 430 (Mo. App. S.D. 2012).  In his post-conviction motion, the defendant alleged that counsel was ineffective for failing to challenge this instruction on appeal, claiming that it was contrary to the MAI and not supported by the evidence.  Id. at 427-28.  On appeal, the court found that the instruction did not submit two crimes, as the defendant argued, but clearly stated only that the defendant resisted his

---

[2] There is no further guidance or definitions in the Notes on Use regarding paragraph Fourth.

own arrest by physical force or physical interference.  Id.  The court also found sufficient evidence to support the instruction in that the defendant had kicked at the officers, refused to comply with their requests and made other attempts to evade arrest.  Id. at 431. The court noted further that the language of the verdict director was exactly that used in MAI 369.60.2.  Id.

We do not consider Stewart to be binding authority that the phrase "physical interference" was properly included in the instruction in this case because the court in that case did not undertake the statutory interpretation of Section 575.150.1 we find necessary to our conclusion here.  Moreover, the court's analysis in Stewart centered on the sufficiency of the evidence to support the disjunctive submission, as that was the allegation in the defendant's post-conviction motion.  And, despite the similarity in plain error review and review of an ineffective assistance of appellate counsel claim, Stewart must be read in light of the other standards that were also applicable in that case:  the court was reviewing the motion court's ruling for clear error after an evidentiary hearing, and the ineffective assistance claim included the high burden of proving that appellate counsel failed to assert a claim of error that was not only meritorious, but obvious from the record.  See id. at 428, 429.

Having concluded that it was error to include "physical interference" in the instruction, we must determine if that error resulted in a manifest injustice in this case. The State claims there was sufficient evidence that Meeks used physical force when he pushed back against the officers and, therefore, even if the instruction was erroneous, the conviction can be affirmed.  Had the instruction *only* listed "physical force" as the means by which Meeks resisted, his pushing back is likely the type of muscle exertion that has

7

repeatedly been held sufficient to constitute "physical force." See State v. Belton, 108 S.W.3d 171, 175 (Mo. App. W.D. 2003) (defendant refused to get out car and stiffened body to prevent officer from pulling him out of car); State v. M.L.S., 275 S.W.3d 293, 300 (Mo. App. W.D. 2008) (defendant "stiffened his arms using muscle pressure to resist his being handcuffed behind his back"); State v. Miller, 172 S.W.3d 838, 844-46 (Mo. App. S.D. 2005) (defendant refused to exit vehicle and gripped steering wheel tightly to prevent being pulled out); State v. Feagan, 835 S.W.2d 448, 450 (Mo. App. S.D. 1992) (defendant stiffened arms, requiring officers to force defendant to go with them). But because "physical interference" was included and stated in the disjunctive as an alternative means of resisting, the instruction erroneously gave the jury the option of basing its conviction on "physical interference" alone. That is not a lawful basis for holding him guilty of resisting his own arrest under the statute. Therefore, the State was relieved of its burden of proving that Meeks resisted his own arrest by one of the means set forth in the statute.

In fact, "physical interference" is the sole basis on which the State asked the jury in closing to find Meeks guilty:

> Nowhere here [in the instruction] does it have to say that he assaulted a police officer in resisting. He could seriously—*he could physically interfere, and that's enough to make the element a resisting.*
>
> *What are the ways that he physically interfered?* One, the officer said: Raise your hands up. And he kept them in a very dangerous location around his waist. He failed to comply. *He physically interfered by not complying.* He even went one step further. He didn't just do that, which by itself is enough. But then when they said go to the ground, he wouldn't go physically to the ground. The officer takes him to the ground. *By standing, he's physically interfering with the ability to be taken into custody.* He physically is keeping his hands in place and refusing to be handcuffed. The officer testified about how he had to pull his hands

8

behind his back. And then so that by itself is enough. The failure to comply is enough.

But then there's a third. You heard the officer say he was pushing back up. Now, I understand, and it seems like it's an officer's job to make an arrest. He didn't stick his hands behind his back. Remember an officer talked about the danger of *interfering* situations? The physical danger to himself. It's a physical danger to someone being taken into custody. Not just the fear of him reaching for the gun, you have to be able to physically control a person in that situation, that side of resisting arrest. It is not we have to wait until somebody physically attacked one of our officers to be resisting.

(emphasis added). The State's repeated statement that "physical interference" alone was enough to show that Meeks resisted his own arrest is not the law. The prosecutor's exclusive reliance on that erroneous premise compounded the misstatements of law in the instruction. Moreover, State's argument on this count was focused on convincing the jury that Meeks's failure to comply was sufficient evidence of resisting. This is also not the law, at least not in the context of what constitutes resisting one's own arrest. See State v. Caldwell, 352 S.W.3d 378, 383-85 (Mo. App. W.D. 2011) (refusing to exit locked vehicle alone does not constitute "physical force"). Whether something less physical than the muscle exertion required for "physical force" may be sufficient to constitute "physical interference" with someone else's arrest is not a question we need to decide.[3] It suffices to say that "physical interference" is not a basis for finding one guilty of resisting one's own arrest, nor is the mere failure to comply with an officer's commands. Because this jury was erroneously instructed and asked by the State to find Meeks guilty exclusively on those grounds, we must reverse.

---

[3] Whatever constitutes "physical interference," we must presume it is something different than "physical force." See Belton, 108 S.W.3d at 175 (all words in statute presumptively have separate and individual meanings). And it would make sense if the legislature meant something less forceful by "physical interference" because one can impede the arrest of another without the exertion of any force. For example, blocking an officer's path to an arrestee by simply standing still and refusing to move could give the arrestee time to escape or discard evidence and could create a dangerous situation if the officer is required to physically move that obstacle from his path.

9

In sum, neither the statute nor the MAI authorize "physical interference" as a means of resisting Meeks's own arrest. Including that phrase in the verdict director so misdirected the jury and excused the State from its burden of proof that it appears to this Court to have affected the verdict.

Point I is granted.

In Point II, Meeks argues that the court plainly erred in finding him to be a persistent offender and enhancing his sentence on the assault conviction to twenty years. The assault in this case was a class B felony, which is punishable by a term of years not less than five years and not to exceed fifteen years. See Section 565.050.2; Section 558.011.1(2). Section 558.016.3 authorizes extended sentences for persistent offenders who have committed two or more felonies at different times, but the State concedes that it failed to prove Meeks was a persistent offender. Instead, as stipulated by the parties, there was evidence of only one prior felony conviction, making Meeks a prior offender, but not a persistent one. See Section 558.016.2. The trial court erred when it checked the box on the judgment form for "persistent offender" and imposed a twenty year sentence. Because the sentence exceeded the statutory maximum, it resulted in a manifest injustice. See State v. Severe, 307 S.W.3d 640, 642 (Mo. banc 2010). We must remand for the purpose of resentencing Meeks within the applicable range of punishment without the persistent offender enhancement. See State v. Nesbitt, 299 S.W.3d 26, 31 (Mo. App. E.D. 2009).

Point II is granted.

10

The judgment on Meeks's conviction for resisting arrest is reversed, and the case is remanded for a new trial on that count. The imposition of sentence on Meeks's assault conviction is vacated, and the case is remanded for resentencing on that count.


ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.