

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101573 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis, Missouri |
| vs. | ) | 1222-CR00403-01 |
| | ) | |
| CASITDEL WOOTEN, | ) | Honorable Edward W. Sweeney |
| | ) | |
| Appellant. | ) | Filed: January 12, 2016 |

## OPINION

Casitdel Wooten was convicted after a jury trial of possession of a controlled substance and resisting arrest. On appeal, Wooten argues that the trial court erred by submitting an erroneous instruction that allowed the jury to find Wooten guilty of resisting his own arrest through "physical interference." The State concedes this argument. Nevertheless, Wooten failed to preserve this error because he did not object to the instruction at trial or raise this issue in a motion for new trial. Therefore, this error is reviewable only under our discretionary plain error standard. See Rule 30.20. For the reasons that follow, we find that the instructional error here constitutes plain error and we therefore reverse and remand for a new trial on the resisting arrest charge.

### Factual and Procedural Background

Wooten was pulled over by two St. Louis City police officers for a traffic stop. Rather than wait for the officers to approach his vehicle, however, Wooten got out of his car and began

taking items out of his pockets and placing them on the roof of his car. The officers approached Wooten quickly and ordered him to show them his hands. Wooten ignored the officers and continued to remove items from his pockets, including a small plastic bag the officers saw that they believed to contain an illegal controlled substance. The officers told Wooten he was under arrest and attempted to secure Wooten's hands, but he resisted and as they struggled all three of them fell to the ground. Eventually, Wooten gave up and the officers were able to handcuff him. The officers seized the plastic bag from Wooten's pocket which, it was later determined, contained heroin. Wooten was charged with possession of a controlled substance and resisting arrest. The jury found Wooten guilty of both charges. This appeal follows.

## Discussion

The issue here is whether it was plain error to include "physical interference" in the verdict director where only defendant's arrest was at issue and not the arrest of a third person. The criminal offense of resisting arrest is codified by section 575.150:

> 1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

R.S.Mo. § 575.150 (Supp. 2012). Thus, resisting one's own arrest involves the threat or use of force or violence but does not include "physical interference" as a means to commit the crime. However, resisting the arrest of another person includes the reference to "physical interference."

2

Thus, one may commit the crime of resisting arrest when one physically interferes with the officer's attempt to arrest a third person. But according to the plain reading of the statute one may not commit the crime of resisting one's own arrest through "physical interference."

This Court recently addressed this issue in *State v. Meeks*, 427 S.W.3d 876 (Mo.App.E.D. 2014). In *Meeks*, the defendant was charged with resisting his own arrest and sought plain error review on the basis that the verdict directing instruction incorrectly included the "physical interference" language at issue here. The Court found that the plain language of section 575.150 contemplates two distinct crimes: 1) resisting one's own arrest and 2) interfering with the arrest of another. 427 S.W.3d at 878. The Court concluded that because the subparagraph defining the crime of resisting one's own arrest did not include "physical interference," "the legislature intended to exclude that as a means of committing that particular crime." *Id.* at 878-79. Thus, the Court stated that "'[p]hysical interference' in the statute plainly refers only to interfering with someone else's arrest and, therefore, is not an element of the crime of resisting one's own arrest." *Id.* at 878.

With regard to the instruction,[1] the Court reasoned that because the instruction addressed two crimes, the parenthetical options were given so that the facts of the particular crime charged could be inserted where appropriate. *Id.* at 879. The Court stated: "Therefore, when the facts of the case involve *only* the defendant's arrest, including the phrase 'physical interference' is inappropriate because the statute only uses that language in reference to the arrest of another person." *Id.*

Accordingly, the Court found that neither the statute nor the MAI authorized "physical interference" as a means of resisting one's own arrest, and that including that phrase in the

---

[1] MAI-CR 3rd 329.60.2 (2007).

3

verdict director misdirected the jury and excused the State from its burden of proof. *Id.* at 881. Therefore, the Court reversed the conviction and remanded for a new trial on the resisting arrest charge. *Id.* at 882.

Here, it is undisputed that Wooten was charged only with resisting his own arrest. The verdict directing instruction that was provided to the jury, however, included the "physical interference" language. Furthermore, the State's assertion in closing argument that Wooten used "physical interference" in the commission of the crime and the jury's request during deliberations for the definition of "physical interference" illustrates the misdirection this erroneous instruction caused.

We conclude, in accordance with this Court's recent decision in *Meeks* that the trial court erred in including "physical interference" in the verdict directing instruction. *Id.* at 879. As a result, the jury was misdirected and the State was excused from meeting its burden of proof. *Id.* at 881.

## Conclusion

Accordingly, we find that this resulted in a manifest injustice requiring reversal and remand for a new trial on the resisting arrest charge.

James M. Dowd, Judge

Robert M. Clayton III, P.J. and
Lawrence E. Mooney, J., concur