

# In the Missouri Court of Appeals
# Eastern District
**DIVISION THREE**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108086 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| vs. | ) | |
| | ) | Honorable Jason H. Lamb |
| PATRICK JEROME STEWARD, | ) | |
| | ) | |
| Appellant. | ) | Filed: September 15, 2020 |

The defendant, Patrick Jerome Steward, appeals the judgment entered by the Circuit Court of Warren County for the class E felony of resisting a lawful stop in violation of section 575.150 RSMo. (2016).[1] Following his conviction by a jury, the trial court sentenced the defendant as a persistent felony offender to seven years of imprisonment.

Because the State charged and tried the defendant with resisting a lawful stop "for a felony offense," and because the verdict director did not require the jury to find that the defendant fled in a manner creating a substantial risk of serious physical injury or death, the evidence was insufficient to allow enhancement of the offense of resisting a lawful stop from a class A misdemeanor to a class E felony pursuant to section 575.150.5. We affirm the defendant's conviction for resisting a lawful stop, but we must remand for the purpose of

---

[1] All statutory references are to RSMo. (2016).

correcting the judgment and resentencing the defendant within the applicable range of punishment for a class A misdemeanor.

Factual and Procedural Background

We set forth the relevant facts viewed in the light most favorable to the verdict. On the evening of October 31, 2017, Missouri Highway Patrol Trooper Bishop ran the license plate of the car driven by the defendant and stopped ahead of her at a traffic light in Warren County. Trooper Bishop's license-plate check revealed that the car was reported stolen. Trooper Bishop testified that she stopped the car to investigate further, and that she would have arrested the occupants for tampering with a motor vehicle if her investigation revealed that the car was indeed stolen. The defendant pulled over, but when Trooper Bishop exited her vehicle and approached, the defendant drove away at a high rate of speed into a residential neighborhood. Trooper Bishop pursued the vehicle briefly, but terminated her pursuit because it was Halloween and children were still out. The defendant and a passenger in the car were later apprehended after a high-speed chase culminating in a crash in Lincoln County.

The State's second amended information charged the defendant as a prior and persistent felony offender with the class E felony of resisting a lawful stop in violation of section 575.150 in that:

> [O]n or about October 31, 2017, in the County of Warren, State of Missouri, Trooper Bishop, a law enforcement officer, was attempting to make a lawful stop of a vehicle being operated by defendant, and the defendant knew or reasonably should have known that the officer was making a lawful stop for a felony offense, and, for the purpose of preventing the officer from effecting the stop, resisted the stop of defendant by fleeing from the officer.

The State also charged the defendant with the class D misdemeanor of driving while license suspended, and the class D felony of first-degree tampering with a motor vehicle. The State

2

dismissed the tampering charge, and the defendant pled guilty to the charge of driving while license suspended. The parties proceeded to trial only on the charge of resisting a lawful stop.

The defendant's former girlfriend, Tamara Carter, testified that she was the owner of the car driven by the defendant. Carter explained that while she was jailed, she gave permission for the defendant to obtain her keys and use the car to bring items to her at the jail. Because the defendant continued to use her vehicle, Carter reported it stolen. She did not inform the defendant that she reported the car stolen. The defendant's new girlfriend was in the car at the time of the defendant's flight from Trooper Bishop. She testified that as he pulled over, the defendant told her that perhaps Carter had reported the car stolen.

The court gave the jury two verdict directors. Instruction Number 6 submitted by the State followed MAI-CR 4th 429.61, the parties described it as an instruction for "felony" resisting a lawful stop. The instruction read:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
> First, that on or about October 31, 2017, in the State of Missouri, Trooper Bishop was a law enforcement officer, and
> Second, that Trooper Bishop was attempting to stop a vehicle being operated by defendant, and
> Third, that defendant knew or reasonably should have known that a law enforcement officer was attempting to stop defendant, and
> Fourth, that the basis for the stop was a reasonable suspicion of the commission of the crime of stealing a motor vehicle, and
> Fifth, that defendant knew or reasonably should have known the basis for the stop, and
> Sixth, that for the purpose of preventing the law enforcement officer from making the stop, the defendant resisted by fleeing from the officer,
> then you will find the defendant guilty under Count I of resisting a lawful stop.
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense[.]

The defense submitted Instruction Number 7, which the parties characterized as an instruction for "misdemeanor" resisting a lawful stop. The two instructions were identical, except that Instruction Number 7 did not contain the paragraphs about the basis for the stop (paragraph

3

Fourth above) or the defendant's knowledge of its basis (paragraph Fifth above). In closing argument, defense counsel acknowledged that the defendant resisted a stop, and she urged the jury to convict the defendant of a misdemeanor rather than of a felony. The jury returned a guilty verdict pursuant to Instruction Number 6.

The defendant filed a motion for new trial challenging the sufficiency of the evidence and the verdict-directing jury instructions. At the hearing on the motion for new trial and sentencing, counsel argued that the offense of which the defendant was convicted could not be enhanced to a felony under section 575.150.5 because: (1) Trooper Bishop sought to make a lawful stop rather than to make an arrest for a felony offense; and (2) the charge against the defendant failed to allege that the defendant fled in a manner creating a substantial risk of serious physical injury or death, and the jury was not required to find those facts. The trial court rejected the defendant's argument, stating that:

> Well, obviously, it was a stop, not a—not an arrest or attempted arrest. But, however, the other evidence in the case of an extremely highspeed, I guess, brief chase, I could call it, until the officer cut it off because of the danger involved, I think, is sufficient to increase it to a Class E felony. And in this case, Mr. Steward was also shown to be a prior and persistent felony offender, also, so which makes it—raises the range of punishment up to a D felony, of course.

As a result, the trial court sentenced the defendant to seven years of imprisonment, the maximum sentence for a class D felony. The defendant appeals.

Standard of Review

When a defendant challenges the sufficiency of the evidence, we accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence, and we disregard all contrary evidence and inferences. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Sloan*, 561 S.W.3d 831, 837 (Mo. App. E.D. 2018). We limit our review to determining whether there is sufficient evidence from which a reasonable juror might have found

the defendant guilty beyond a reasonable doubt. *Grim*, 854 S.W.2d at 405; *Sloan*, 561 S.W.3d at 837.

Discussion

On appeal, the defendant claims the trial court erred in overruling his motion for judgment of acquittal at the close of the State's evidence, and in entering judgment and sentence for the class E felony of resisting an arrest. He contends the State charged him only with resisting a *lawful stop* "for a felony," and not resisting an *arrest* for a felony. Under Section 575.150, the defendant argues, resisting a *lawful stop* "for a felony" is not a felony offense. He also argues that the State did not allege that he resisted a stop by fleeing in a manner that created a substantial risk of serious physical injury or death, nor did the verdict director require the jury to find those facts. As a result, the defendant maintains that he could not be convicted for a felony violation of Section 575.150. We agree.

The State's second amended information charged the defendant with "the class E felony of resisting a lawful stop" in that the defendant fled from Trooper Bishop who "was making a lawful stop for a felony offense." The elements of resisting a lawful stop are: (1) the defendant knew or reasonably should have known that a law enforcement officer was making a lawful stop; (2) the defendant resisted the stop by fleeing from the officer, or by threatening to use violence or physical force; and (3) the defendant did so for the purpose of preventing the officer from completing the stop. Section 575.150.1(1); *State v. Nelson*, 505 S.W.3d 437, 445 (Mo. App. W.D. 2016). The State made a submissible case for resisting a lawful stop, and the defendant in closing argument conceded that he committed the offense of resisting a lawful stop although he argued the jury should convict him only of a misdemeanor in accord with Instruction Number 7. The jury found the defendant guilty pursuant to Instruction Number 6, which the parties

5

described as an instruction for "felony" resisting a lawful stop. Viewing the evidence in the light most favorable to the verdict and ignoring all contrary evidence and inferences, we hold the State adduced sufficient evidence to convict the defendant of resisting a lawful stop, in violation of section 575.150.1. However, Instruction Number 6 did not require the jury to find that the defendant fled in a manner creating a substantial risk of serious physical injury or death.

*Enhancement To A Class E Felony*

Our determination that the State proved all elements of the charge of resisting a lawful stop does not end our inquiry. The gravamen of the defendant's challenge is that the trial court enhanced the offense from a class A misdemeanor to a class E felony without sufficient evidence that the offense the defendant committed actually constitutes a felony under section 575.150.

The State charged the defendant with resisting a lawful stop by fleeing, and sought to enhance the charge to a class E felony because the lawful stop was made "for a felony offense." It is undisputed that the stop was lawful; that the stop was for the purpose of investigating a felony offense, namely tampering with a motor vehicle; and that Trooper Bishop contemplated arresting the defendant if her investigation revealed that the car, in fact, was stolen. It was also undisputed that the defendant fled from a law enforcement officer, and that the defendant was not under arrest at that time.

Section 575.150 states in relevant part:

1. A person commits the offense of resisting or interfering with arrest, detention, or stop if he or she knows or reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or stop an individual or vehicle, and for the purpose of preventing the officer from effecting the arrest, stop or detention, he or she:

(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer;

* * *

2. This section applies to:

6

* * *

(2) Arrests, stops, or detentions, for any offense, infraction, or ordinance violation;

* * *

4. It is no defense to a prosecution pursuant to subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrest.

5. The offense of resisting or interfering with an arrest is a class E felony for an arrest for a:

(1) Felony;

(2) Warrant issued for failure to appear on a felony case; or

(3) Warrant issued for a probation violation on a felony case.

The offense of resisting an arrest, detention or stop in violation of subdivision (1) or (2) of subsection 1 of this section is a class A misdemeanor, unless the person fleeing creates a substantial risk of serious physical injury or death to any person, in which case it is a class E felony.

The history of section 575.150 reveals that the legislature has repeatedly expanded the language of the statute to more fully set forth the conduct prohibited, the means of committing the prohibited conduct, and the penalty for such conduct. Section 575.150 has prohibited resisting arrest since 1979. In earlier cases involving flight from traffic stops, our appellate courts noted that the gravamen of the offense was resisting an arrest, not flight from police. *See, e.g., State v. Dossett*, 851 S.W.2d 750, 752 (Mo. App. W.D. 1993) (traffic stop initiated by officer is not factual situation contemplated by resisting-arrest statute); *State v. Long*, 802 S.W.2d 573, 577 (Mo. App. S.D. 1991) (statute creates crime of resisting arrest by flight; it does not create crime of fleeing a traffic stop where no arrest intended until after flight commenced); *State v. Wanner*, 751 S.W.2d 789, 791 (Mo. App. E.D. 1988) (resisting arrest hinges on fact that law enforcement officer at least contemplated actual arrest).

The legislature amended the statute in 1996 to prohibit resisting a lawful stop or detention as well as arrest. H.B. 1047, 88th Gen. Assem. 2d Reg. Sess. (Mo. 1996). Six years later, the legislature added subsection 5 to the statute, which then read:

> Resisting or interfering with an *arrest* for a felony is a class D felony. Resisting an *arrest* by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony; otherwise, resisting or interfering with an *arrest, detention or stop* is a class A misdemeanor.

H.B. 1270 & 2032, 91st Gen. Assem. 2d Reg. Sess. (Mo. 2002) (emphases added).

In 2005, the legislature added language to subsection 5 to enhance to a felony resisting a detention or stop if the resistance was accomplished by fleeing in such a manner to create a substantial risk of serious physical injury or death to any person. H.B. 353, 93rd Gen. Assem. 1st Reg. Sess. (Mo. 2005). The legislature declined to add language rendering it a felony to resist a detention or stop for a felony offense. *Id.*

Despite these numerous amendments, the legislature never added resisting a stop for a felony to the penalty-enhancement provisions. Thus, as pertinent here, there are two means by which resisting law enforcement can constitute a felony offense. The first is by resisting an arrest for a felony. Section 575.150.5(1). The other is by fleeing an arrest, detention, or stop in a manner that creates a substantial risk of serious physical injury or death to any person. Section 575.150.5.

*Resisting Arrest For A Felony*

The first means to enhance the penalty to a felony is found in section 575.150.5(1). The statute enhances the offense of resisting arrest from a misdemeanor to a felony if the person is "[r]esisting . . . an *arrest* . . . for a . . . [f]elony." *State v. Shaw*, 592 S.W.3d 354, 358 (Mo. banc 2019)(emphasis added). "This provision requires the State to establish the *arrest* initiated by the arresting officer and resisted by the defendant was 'for a felony.'" *Id.* (emphasis added). Section

8

575.150 says nothing about resisting a *lawful stop* for a felony offense. Indeed, section 575.150.5 proceeds to state that resisting an arrest, detention or *stop* is a class A misdemeanor unless the person flees in a manner creating a substantial risk of serious physical injury or death, in which case the offense becomes a class E felony.

"Statutory interpretation is a question of law that we review *de novo.*" *State v Haynes*, 564 S.W.3d 780, 784 (Mo. App. E.D. 2018). When interpreting a statute, we must ascertain the legislature's intent from the language used, and if possible, give effect to that intent. *Id.* We give the statutory language used its plain and ordinary meaning. *Id.* We turn to statutory construction only when the statute's language is ambiguous; otherwise, we must give effect to the statute as written. *Id.* We consider a statute ambiguous only when we cannot ascertain the legislative intent when giving the language used in the statute its plain and ordinary meaning. *Id.*

Pursuant to section 575.150.5, "[t]he offense of resisting or interfering with an arrest is a class E felony for an arrest for a: (1) [f]elony[.]" The clear and unambiguous language shows that the legislature intended only that arrests "for a felony" be punishable as a class E felony, and not stops or detentions "for a felony." Stops and detentions are not included with arrests in the first paragraph of section 575.150.5. Stops and detentions are included only in the final paragraph of section 575.150.5, which specifies the types of law-enforcement interactions that can result in a felony enhancement when the defendant resists by fleeing in a manner creating a substantial risk of serious injury or death.

If the legislature intended to include lawful stops in section 575.150.5(1) regarding "arrests for a felony," it would have done so. The fact that it did not, while including lawful stops in the final paragraph regarding flight creating a substantial risk, indicates that the legislature

9

purposely excluded lawful stops in the provision enhancing the penalty for resisting an arrest for a felony.

> It is well settled, in interpreting a statute, that the legislature is presumed to have acted intentionally when it includes language in one section of a statute, but omits it from another. A disparate inclusion or exclusion of particular language in another section of the same act is powerful evidence of legislative intent.

*State v. Meeks*, 427 S.W.3d 876, 878 (Mo. App. E.D. 2014) (quoting *State v. Bass,* 81 S.W.3d 595, 604 (Mo. App. W.D. 2002)).

Furthermore, the terms "arrest" and "lawful stop" do not share the same meaning, and are not interchangeable throughout section 575.150. For example, it is no defense to a prosecution that the law enforcement officer acted unlawfully in making the arrest. Section 575.150.4. A stop or detention, however, must be lawful as a matter of law in order for its resistance to constitute an offense. *Nelson*, 505 S.W.3d at 445; MAI-CR 4th 429.61, Notes on Use ¶ 2. "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise." Section 544.180; *Sloan*, 561 S.W.3d at 838. "A person may be said to be under arrest from the moment the police officer takes control of his movements." *State v. Ajak*, 543 S.W.3d 43, 50 (Mo. banc 2018) (quoting *State v. Sampson*, 408 S.W.2d 84, 87 (Mo. 1966)). On the other hand, law enforcement officers need not physically restrain a person in order for a lawful stop to occur. *State v. Roark*, 229 S.W.3d 216, 220 (Mo. App. W.D. 2007). Instead, a show of authority is sufficient, *id*., with a traffic stop being analogous to a *Terry* stop,[2] *State v. Schroeder*, 330 S.W.3d 468, 473 (Mo. banc 2011). An officer may conduct a brief investigative stop when the officer has a "reasonable suspicion" based on

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

"specific and articulable facts" that illegal activity is occurring or has occurred. *State v. Pike*, 162 S.W.3d 464, 472 (Mo. banc 2005).

We find the legislature intended to enhance to a felony only resisting or interfering with an *arrest* for a felony. The language of the statute is clear and unambiguous: a person must resist *arrest* for a felony offense in order to enhance resisting to a class E felony. Resisting a *lawful stop* "for a felony" is not identified in section 575.150.5 as an offense that constitutes a class E felony. In fact, section 575.150.5 expressly states that "[t]he offense of resisting . . . [a] stop . . . is a class A misdemeanor, unless the person fleeing creates a substantial risk of serious physical injury or death to any person, in which case it is a class E felony." Because no ambiguity exists in section 575.150.5(1), we need not resort to statutory construction. In addition, because section 575.150.5(1) does not expressly enhance the penalty for resisting or interfering with a lawful stop or detention for a felony, we must give effect to the statute as written, without reading additional words into it. "In short, we will not add words to a plainly-worded statute to alter its meaning." *Haynes*, 564 S.W.3d at 784. Given the plain meaning of the statute and the undisputed evidence that the defendant was lawfully stopped and not arrested, the evidence is insufficient to enhance the resisting charge to a felony.

Examination of the case law, the Missouri Approved Charge Code (MACH-CR 2d), and the Missouri Approved Instructions (MAI-CR 4th) lends support to our conclusion that the word "arrest" used in section 575.150.5 means "arrest," and does not encompass a stop or detention for a felony offense. In *State v. Redifer*, the State charged Redifer with resisting *arrest* by fleeing, and the jury was instructed accordingly. 290 S.W.3d 184, 185-86 (Mo. App. W.D. 2009). The Court held the evidence insufficient to support Redifer's conviction for resisting arrest because "[t]o resist arrest, an arrest must be in progress" *Id*. at 187. The Court also explained that

11

Redifer's conviction could not be affirmed on the alternate basis of resisting a lawful stop because the jury instruction allowed for a finding of guilt only if Redifer were being arrested, and the jury was not instructed on resisting a lawful stop. *Id*. at 186-87.

In *State v. Brooks*, this Court reversed a conviction for felony resisting arrest because there was no evidence presented that the officer named in the charging document and the jury instructions was arresting Brooks. 158 S.W.3d 841, 851 (Mo. App. E.D. 2005). While the State in that case urged this Court to remand for entry of conviction and sentence for misdemeanor resisting, we declined to do so. *Id*. at 852. We explained that "[t]he facts needed to determine whether an officer was making a stop versus the facts needed to determine if an officer was making an arrest are different. The jury did not get a chance to consider whether [the officer] was making a stop." *Id*.

The Missouri Approved Charge Code distinguishes between an "arrest" and a "stop," and contains two distinct charges: MACH-CR 2d 29.60 for resisting arrest, and MACH-CR 2d 29.61 for resisting a stop or detention. The Notes on Use for MACH-CR 2d 29.60 state in relevant part:

> 2.    *Resisting or interfering with a lawful stop or a lawful detention* is charged by MACH-CR 2nd 29.61.
> 3.    *MACH-CR 2nd 29.60 covers resisting arrest* and interfering with the arrest of another for a felony, misdemeanor, infraction or ordinance violation.
> Resisting or interfering with an arrest for a felony is a class E felony.

(Emphases added). Similarly, the Notes on Use for MACH-CR 2d 29.61 provide:

> 2.    *This charge covers resisting or interfering with a lawful stop or detention.* By statute, the stop or detention must be a lawful stop or detention for a felony, misdemeanor, infraction or ordinance violation. *Resisting or interfering with an arrest should be charged by MACH-CR 2nd 29.60.*
> 3.    Resisting or interfering with a lawful stop or detention will generally be a class A misdemeanor. Resisting a lawful stop or detention by fleeing is a class E felony if the person fleeing creates a substantial risk of serious physical injury or death to any person. Section 575.150.5, RSMo 2016.

(Emphases added). MACH-CR 2d 29.61 contains no language in either the charge itself or the Notes on Use to suggest that resisting a lawful stop for a felony offense constitutes a class E felony.

Likewise, there are two distinct jury instructions for resisting arrest, found in MAI-CR 4th 429.60, and resisting a stop or detention, found in MAI-CR 4th 429.61. The Notes on Use clarify that these distinct instructions apply for resisting arrest and for resisting a stop or detention, respectively. The Notes on Use for MAI-CR 4th 429.60, for instructing the jury on resisting arrest, state in relevant part:

> 2. *MAI-CR 4th 429.40 [sic] covers resisting arrest* or interfering with the arrest of another person. *Resisting or interfering with a lawful stop or detention is covered by MAI-CR 4th 429.61.*
>
> ***
>
> 4. *MAI-CR 4th 429.60.1 covers resisting an arrest by flight.* If the defendant was being arrested for a felony, the resisting of that arrest will be a class E felony. If the felony is being submitted on this basis, include the reference to the felony offense in paragraph Second. If the arrest was for a misdemeanor, infraction or ordinance violation, the resisting arrest will be a class A misdemeanor, unless the person was fleeing in such a manner that created a substantial risk of serious physical injury or death to any person. If the felony is being submitted on this basis, include the language set out in parentheses in paragraph Fifth and include the definition of "serious physical injury."

(Emphases added). The jury determines whether the requisite facts exist while the court determines as a matter of law whether the officer sought to arrest the defendant "for a felony." *Shaw*, 592 S.W.3d at 360.

The Notes on Use for MAI-CR 4th 429.61, for instructing the jury on resisting a lawful stop, provide in pertinent part:

> 2. This instruction covers resisting or interfering with a lawful stop or detention. By statute, the stop or detention must be a lawful stop or detention for a felony, misdemeanor, infraction or ordinance violation. When using this instruction, the court determines the question of law as to whether the facts being submitted in paragraph Fourth constitute a lawful basis for the stop or detention. The question of whether those facts exist is for the jury.

13

3.  *Resisting or interfering with arrest is covered by MAI-CR 4th 429.60.  Resisting or interfering with a lawful stop or detention by flight is covered by MAI-CR 4th 429.61.1.*

\* \* \*

4.  *MAI-CR 4th 429.61 covers resisting or interfering with a lawful stop or detention* for a felony, misdemeanor, infraction or ordinance violation. Resisting or interfering with a lawful stop or detention will generally be a class A misdemeanor. Resisting a lawful stop or detention by fleeing is a class E felony if the person fleeing creates a substantial risk of serious physical injury or death to any person.

(Emphases added). Nowhere does MAI-CR 4th 429.61 suggest—in either the instruction itself or in the Notes on Use—that resisting a lawful stop constitutes a felony offense if the basis for the stop is a felony.

It is undisputed that the defendant was driving a vehicle reported as stolen, and that Trooper Bishop lawfully stopped the defendant on her reasonable suspicion based on specific and articulable facts that illegal activity—namely vehicle tampering—had occurred. It is undisputed that when Trooper Bishop made the lawful stop, she contemplated making arrests for tampering with a motor vehicle, which is a felony offense as a matter of law. It is also undisputed that the defendant fled the lawful stop, which as the trial court correctly noted, "[w]ell, obviously, it was a stop, not a—not an arrest or attempted arrest."

It appears, however, that the State conflated charges for resisting arrest (MACH-CR 4th 29.60) and resisting a lawful stop (MACH-CR 4th 29.61). Resisting a lawful stop and resisting arrest are not interchangeable as demonstrated by the plain language of section 575.150, distinct treatment in case law, distinct charges in the Missouri Approved Charge Code, and distinct instructions and notes on use in the Missouri Approved Instructions. The State elected to charge the defendant with resisting a lawful stop rather than resisting an arrest. The State elected to seek enhancement of the charged offense from a misdemeanor to a felony by charging that the defendant resisted a lawful stop for a felony offense, namely tampering with a motor vehicle as

14

established at trial. The State declined to seek enhancement to a felony on the basis that the defendant fled in a manner that created a substantial risk of serious physical injury or death. As a result, the State sought to enhance resisting a *lawful stop* from a misdemeanor to a felony in a manner that is available only when a defendant is charged and tried with resisting *arrest*.

"We must interpret and apply the laws as the legislature writes them." *Haynes*, 564 S.W.3d at 787. We cannot add words to the plain language of section 575.150.5 to enhance the penalty for a lawful stop "for a felony." Instead, we must apply the plain language of the statute and follow the guidance found in case law and contained in the Notes on Use of MACH-CR 2d 29.61 and MAI-CR 4th 429.61.

*Flight Creating A Substantial Risk of Serious Physical Injury or Death*

The final paragraph of section 575.150.5 states that resisting an arrest, stop, or detention encompassed in section 575.150.1(1), as here, constitutes a class A misdemeanor unless the persons resists by fleeing in such a manner as to create a substantial risk of serious physical injury or death to any person. In such a case, the offense becomes a class E felony. Section 575.150.5. Here, the State did not charge the defendant with resisting a stop by fleeing in this manner, nor was the jury asked to find the requisite facts of flight in this manner.

The Missouri Approved Charge Code contains a model charge for resisting a lawful stop or detention. MACH-CR 2d 29.61 contains language the State can incorporate to charge a felony, but here the State elected not to include it.[3] The Notes on Use for MACH-CR 2d 29.61 explain:

---

[3] MACH-CR 2d 29.61 offers the following language for charging a felony:

(and defendant fled in such a manner that created a substantial risk of serious physical injury or death to (a person) (other persons) in that defendant [*Briefly describe the conduct of the defendant, such as "operated a motor vehicle on Route K at speeds in excess of 100 miles per hour while weaving in and out of traffic."*]).

15

3.    Resisting or interfering with a lawful stop or detention will generally be a class A misdemeanor.  Resisting a lawful stop or detention by fleeing is a class E felony if the person fleeing creates a substantial risk of serious physical injury or death to any person. Section 575.150.5, RSMo 2016.

In addition, MAI-CR 4th 429.61.1 contains an option for language instructing the jury to determine whether the defendant fled in a manner that created a substantial risk of serious physical injury or death, and defines the term "serious physical injury" for the jury:

> (Seventh, that defendant fled in such a manner that created a substantial risk of serious physical injury or death to (a person) (other persons) in that defendant [*Briefly describe the conduct of the defendant, such as "operated a motor vehicle on Route K at speeds in excess of 100 miles per hour while weaving in and out of traffic."*])[.]
>
> * * *
>
> (As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.)

Notes on Use ¶ 4 for MAI-CR 4th 429.61 reiterates that "[r]esisting or interfering with a lawful stop or detention will generally be a class A misdemeanor. Resisting a lawful stop or detention by fleeing is a class E felony if the person fleeing creates a substantial risk of serious physical injury or death to any person." Here, Instruction Number 6 was modeled on MAI-CR 4th 429.61.1 (resisting a lawful stop or detention by flight), and both parties approved its language. None of the above language about risk of serious physical injury or death was included in Instruction Number 6, however. As a result, the jury was not instructed to find any such facts.

Although at sentencing the trial court commented that the evidence was "sufficient to increase [the charge] to a Class E felony" because of the nature of the defendant's flight, the State did not charge the defendant in this manner nor was the jury required to find the existence of these facts. Excluding paragraph Seventh from Instruction Number 6—which would have required the jury to find that the defendant fled in a manner creating a substantial risk of serious

16

physical injury or death—excused the State from its burden to prove facts that the jury must find before the court is allowed to enhance the penalty from a misdemeanor to a felony.

While perhaps the evidence was such that the jury *could* have found the existence of facts it did not have the chance to consider, this does not form a lawful basis for the trial court to enhance the penalty for resisting a lawful stop to a felony. The Sixth Amendment, along with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. *State v. Wood*, 580 S.W.3d 566, 583 (Mo. banc 2019). "In addition to the facts underlying the charged offense, an 'element' includes any fact that 'expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict[.]'" *Id.* (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 494 (2000)). Therefore, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* (quoting *Alleyne v. United States*, 570 U.S. 99, 114-115 (2013)). In short, a trial court cannot rely on requisite facts that the jury might have found—but did not have the chance to consider and so did not find—to enhance the penalty for an offense from a misdemeanor to a felony.

Conclusion

The State elected to charge the defendant with resisting a lawful stop, and sought to enhance what ordinarily would be a class A misdemeanor to a felony by alleging that the lawful stop was "for a felony offense." The plain language of section 575.150.5, however, does not permit this basis for enhancement to a felony. The case law, the Missouri Approved Charge Code, and the Missouri Approved Instructions all lend support to our interpretation.

The State could have charged that the defendant resisted a lawful stop by fleeing in a manner that created a substantial risk of serious physical injury or death. However, the State

17

chose neither to seek enhancement of the charge to a felony offense in this manner, nor to instruct the jury accordingly.

Because the State charged and tried the defendant with resisting a lawful stop "for a felony offense," and because the verdict director did not require the jury to find that the defendant fled in a manner creating a substantial risk of serious physical injury or death, the evidence was insufficient to allow enhancement of the offense of resisting a lawful stop from a class A misdemeanor to a class E felony pursuant to section 575.150.5. We affirm the defendant's conviction for resisting a lawful stop, but we must remand for the purpose of correcting the judgment and resentencing the defendant within the applicable range of punishment for a class A misdemeanor.

Angela T. Quigless, P.J.

Kurt S. Odenwald, J. and
James M. Dowd, J. concur.

18