F.A. CHAPMAN and Carol Chapman, Appellants,

v.

COMMERCE BANK OF ST. LOUIS, Respondent.

No. 67233.

Missouri Court of Appeals, Eastern District, Division One.

April 4, 1995.

Alan J. Agathen, Clayton, for appellants.

Brad Pierce, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellants, F.A. Chapman and Carol Chapman, appeal from an order entered in the Circuit Court of the County of St. Louis finding that service was proper and reviving a judgment against appellants and in favor of respondent, Commerce Bank of St. Louis ("Bank"). We remand for actions in accordance with our opinion herein.

On July 7, 1981, Bank obtained judgment against appellants jointly and severally in the amount of $137,919.02, plus costs, with interest thereon at the rate of 9% per annum.[1] The judgment was revived on July 1, 1991, pursuant to Rule 74.09. Between July of 1991 and June, 1994, Bank made several attempts to execute the judgment, all of which were unsuccessful. Bank also obtained Orders for Examination of Judgment Debtors which were delivered to the St. Louis County Sheriff, but which were returned unexecuted.

On June 30, 1994, Bank filed a Motion to Revive Judgment, pursuant to Rule 74.09.[2]

1. As of October 13, 1994, the date of the hearing in this matter, counsel for Bank indicated appellants owed Bank approximately $340,000.00—the amount of the judgment plus interest.

2. Bank indicates its purpose in reviving the judgment was to revive the judgment lien which, pursuant to Rules 74.08 and 74.10, must be done every three years in order for the judgment lien to prevail over intermediate encumbrances.

The court issued its Orders to Show Cause why the judgment should not be revived. The St. Louis County Sheriff attempted to serve these orders, but they were returned after four unsuccessful attempts at delivery.

On September 2, 1994, the court issued Alias Orders to Show Cause. Utilizing Rules 54.16 and 74.09, Bank attempted service of the Alias Orders by mail. Although the notices were mailed to appellants on September 13, 1994, Bank did not receive the acknowledgments accompanying the notices during the intervening thirty days.

A hearing was held on Bank's Motion to Revive Judgment on October 13, 1994. Attorneys for both parties were in the courtroom. At the close of the hearing, the court entered its order reviving the judgment. On October 24, 1994, counsel for appellants entered a limited entry of appearance. On the same date, appellants filed a motion for amendment of the court order. The motion was denied on November 8, 1994. This appeal ensued.

Appellants argue the order reviving the judgment was improper because the court lacked personal jurisdiction over them. Appellants contend the service by mail was defective in that the record contains no acknowledgement of service as is required by Rule 54.16. In response, Bank asserts that because counsel for appellants appeared at the hearing on the Motion to Revive Judgment, and did not file his entry of limited appearance until 11 days after the hearing on Bank's motion, appellants waived any concerns regarding personal jurisdiction.

We address Bank's contention first. Bank argues whether or not service was proper is immaterial. Bank contends the appearance of counsel at the October 13, 1994, hearing constituted a general appearance, thus waiving any claims of improper jurisdiction. We disagree.

■ Upon review of a court-tried case, we will sustain the judgment of the circuit court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will set aside a judgment only upon a firm belief the decree is wrong. *Id.*

Rule 55.27(a) addresses a party's utilization of the defense of lack of personal jurisdiction. Rule 55.27(a) states in pertinent part:

Every defense, in law or fact, to a claim in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

\* \* \* \* \* \*

(2) lack of jurisdiction over the person;

\* \* \* \* \* \*

A motion making any of these defenses shall be made within the time allowed for responding to the opposing party's pleading, or, if no responsive pleading is permitted, within thirty days after the service of the last pleading.... If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to the claim for relief.

This court has interpreted Rule 55.27 to mean that

'special appearances' are no longer required and that waiver of a defense or objection listed in 55.27(a) occurs (1) when that defense or objection is not raised in a motion raising other defenses or objections or (2) in the event that no such motion is filed then when the defense or objection is not raised in responsive pleading.

*Kloos v. Corcoran*, 643 S.W.2d 94, 96 (Mo. App.E.D.1982).

■ Here, we find no waiver. Counsel for Bank indicated to the court he received a phone call from appellants' counsel the day before the hearing. During that conversation, counsel for Bank was informed appellants were going to contest service. At the hearing, appellants' counsel made no statement for the record until the moment the court began to enter its order sustaining Bank's Motion to Revive Judgment. At that time, counsel interrupted the court to establish that his clients were contesting service.

Counsel never addressed the merits of the Motion to Revive Judgment. He simply argued that Bank's attempt at service by mail was defective.

Relying on Rule 55.27 and this Court's interpretation of that rule in *Kloos,* we find appellants adequately raised the issue of the court's lack of personal jurisdiction. Although a written motion is preferred, an oral motion in open court is sufficient. *King v. Clifton,* 648 S.W.2d 193, 196 (Mo.App.S.D. 1983); *Machens v. Machens,* 263 S.W.2d 724, 733 (Mo.1953). Our review of the entire record indicates that, to date, appellants have not addressed the merits of Bank's motion and have solely contested the issue of personal jurisdiction. Appellants have not waived the defense of lack of personal jurisdiction. Having so decided, we now turn to appellants' point on appeal.

■ Appellants suggest the trial court lacked personal jurisdiction over them due to ineffective service, thus rendering the court's order sustaining Bank's motion void. We agree.

Bank concedes that after the St. Louis County Sheriff's Office was unable to serve the Orders to Show Cause upon appellants, Bank utilized Rule 54.16 in an attempt to serve Alias Orders by mail. Bank also admits that though the notices were mailed to appellants on September 13, 1994, the acknowledgments indicating receipt of the Orders had not been returned by the Post Office during the intervening thirty days.

Rule 54.16 provides in pertinent part:

Service of the summons and petition upon a resident ... defendant ... may be made by mailing a copy of the summons and petition by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Civil Procedure Form 4B or Civil Procedure Form 4C and a return envelope, postage prepaid addressed to the sender. If no acknowledgment of service under this Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule. Unless good cause is shown for not doing so, the court shall order the payment of costs of service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons.

Form 4–B, utilized by Bank in attempting service by mail states in pertinent part:

You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender ...

\*　　\*　　\*　　\*　　\*　　\*

If you do not complete and return the form to the sender within thirty days, you ... may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you ... must answer the petition within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.[3]

Bank argues the last sentence allows a default judgment to be taken if the acknowledgment is not returned within thirty days. We do not agree. Form 4B provides two separate remedies for two separate omissions. If the party receiving service by mail does not return the acknowledgment within thirty days, that party may be responsible for the costs associated with service via another avenue. The next paragraph explains that if the acknowledgment is returned, but a responsive pleading is not filed within thirty days of the execution of the acknowledgment,

---

3. Bank's notice substantially complied with this Form 4–B:

> If you do not complete and return the form to the sender within thirty days, you ... may be required to pay any expenses incurred in serving the Order to Show Cause in any other manner permitted by law.

> If you do complete and return this form, you ... must appear on the hearing date specified in the Order to Show Cause attached hereto. If you fail to do so, Plaintiff's Motion to Revive Judgment shall be granted by default.

a default judgment may then be taken against the party served.

On the facts before us, then, because appellants failed to return the acknowledgment of service, they can be "required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law." Form 4B. That is the extent of the potential consequences up to this point.

We recognize, as pointed out by counsel for Bank at the hearing, that appellants likely did receive the notice, thereby alerting their attorney to appear in court and contest jurisdiction. However, actual notice is not enough. *State ex rel. Plaster v. Pinnell,* 831 S.W.2d 949, 951 (Mo.App.S.D.1992). "When the requirements for manner of service are not met, a court lacks power to adjudicate." *Id.*

■ Accordingly, we find the order of the trial court is void for lack of personal jurisdiction over appellants. *See Roberts v. Johnson,* 836 S.W.2d 522, 524 (Mo.App.S.D.1992). Cause is remanded for further action in this matter.[4]

REINHARD, P.J., and CRAHAN, J., concur.

---

**4.** We note that according to Rule 74.10, Bank's judgment lien has not lost priority status. The Orders to Show Cause were entered on June 30, 1994, within three years of the July 1, 1991, revival of judgment. Thus, even though the or-

der reviving the judgment will be entered beyond that three year period, *see* Rule 74.08, the revived lien will continue to prevail over intermediate encumbrances. Rule 74.10.