Jack FARIS, Plaintiff–Appellant,

v.

W.E. DEWITT, Clovis Haubein, Ramon Shane, Dan T. Sullivan and Recovery Experts, Inc., Defendants–Respondents.

No. 21151.

Missouri Court of Appeals, Southern District, Division Two.

July 17, 1997.

Kurt J. Larson, Corbett Newman Law Firm, Springfield, for plaintiff-appellant.

John R. Lewis, Timothy J. Harris, Lewis & Moon, Springfield, for defendants-respondents Haubein, Shane, Sullivan and Recovery Experts, Inc.

PARRISH, Judge.

Jack Faris (plaintiff) appeals an order setting aside a judgment against Clovis Haubein, Dan T. Sullivan, Ramon A. Shane and Recovery Experts, Inc. (collectively referred to as defendants). The judgment against Haubein, Sullivan and Shane was against them individually and as statutory trustees of Recovery Experts, Inc. It was entered as a default judgment but later set aside when the trial court determined that a motion to dismiss had been pending at the time an interlocutory order in default was entered and when the final judgment was entered. This court affirms.

Plaintiff's petition alleged that he suffered a fall due to the negligence of Recovery Experts, Inc., on property owned by the corporation, and that he was injured. He sought damages for his injuries.

The petition alleged that Recovery Experts, Inc., was a Missouri corporation whose corporate rights and privileges were forfeited by the Missouri Secretary of State; that the corporation's "certificate or license" had been cancelled on or about October 30, 1985. The petition alleged the officers and directors of the corporation on October 30, 1985, immediately before forfeiture of its corporate rights and privileges were · W.E. DeWitt, Clovis Haubein, Ramon A. Shane, Dan T. Sullivan, James Heckman and "John Doe." It explained, "John Doe is the fictitious name assigned to those other individuals who were officers and directors of Recovery Expert [sic], Inc. immediately prior to the forfeiture of its corporate rights and privilege on October 30, 1985, but whose identity is unknown to the Plaintiff[.]"

The petition was filed April 30, 1992. The case number that was assigned was 192CC1118. On or about June 1, 1992, within 30 days of the time the individual defendants had been served with process, attorney Will Fletcher mailed to plaintiff's attorney a copy of a motion to dismiss. The caption on the motion was "JACK FARIS Plaintiff, vs. WILLIAM DEWITT, et al Defendants."

The motion stated, "COMES NOW Defendants, and through their attorney, move this Court to dismiss Plaintiff's petition filed herein...." It then alleged, as grounds for dismissal of plaintiff's petition, lack of personal jurisdiction over the defendants; lack of jurisdiction over the subject matter; failure to state a claim upon which the relief requested could be granted; failure to join an indispensable party; and running of "the statute of limitations."

The motion to dismiss had no case number recorded on it when it was mailed from Mr. Fletcher's office. Copies of the motion were sent to each individual defendant, although the only defendant who consulted Mr. Fletcher was W.E. Dewitt.

Plaintiff's attorneys "noticed" the motion to dismiss for hearing on June 11, 1992, and again on November 28, 1994. Docket entries dated June 3, 1992, and November 18, 1994, state, respectively, "Pltf's Notice of Hearing, filed" and "Plaintiff's Notice of Hearing on 11–28–94 filed." The record on appeal shows no action taken in response to the June 1992 notice. A docket entry dated November 28, 1994 states:

Plaintiff appears by Attorney James Corbett. Plaintiff dismisses as to Dft John Doe without prejudice. Interlocutory Judgment on Default entered in favor of Plaintiff and against all defendants.

By letter dated November 29, 1994, plaintiff's attorney advised Mr. Fletcher regarding "Faris vs. Dewitt, et al., Case No. 192CC1118":

Please advised that I did appear on your Motion to Dismiss on November 28, 1994, before the Honorable Donald Bonacker, Judge. As is turns out, you apparently never· filed your Motion to Dismiss with the Court, so therefore there was no Motion to Dismiss to take up on November 28, 1994. I did, however, move for an interlocutory order of default against all of the defendants except for John Doe, who I dismissed. On my motion, Judge Bonacker did enter an interlocutory order of default. I anticipate seeking a final default

judgment on or before December 30, 1994, unless prior to that time you have filed a motion to set aside the interlocutory order of default. Please give me a call if you have any questions.

On December 2, 1994, Mr. Fletcher filed a motion on behalf of defendant DeWitt to set aside the interlocutory judgment of default. The interlocutory judgment was set aside as to Mr. DeWitt on December 8, 1994, and he was given 21 days in which to answer. W.E. DeWitt testified that he sent a letter to each of the other individual defendants telling them that his attorney, Mr. Fletcher, could not represent them because of a conflict of interest. He testified he also called Dr. Sullivan and Mr. Haubein and told them they should get their own attorney. None of the other defendants took action to attempt to set aside the interlocutory judgment.[1]

Plaintiff and DeWitt commenced discovery. The trial court set the case for trial on October 16, 1995, and on that date made the following docket entry:

Plaintiff appears by Attorney Kurt Larsen. Defendant W.E. DeWitt appears by Attorney Jianbin Wei. Court Reporter Dan Cunningham present. On the record, Judgment against Defendant W.E. DeWitt agreed. Formal Judgment to be prepared by Attorney Larsen.

On October 20, 1995, plaintiff voluntarily dismissed his action as to James Heckman with prejudice. On June 28, 1996, defendants Haubein, Shane and Sullivan filed a motion to set aside the default judgment. The motion to set aside the default judgment was set for hearing on August 1, 1996. Following the hearing, the motion was granted and the judgment set aside. The trial court found:

The judgment entered on 11–28–94 and October 20, 1995 against Defendants Recovery Experts, Inc., Clovis Haubein, Ramon A. Shane and Dan T. Sullivan are [sic] set aside for the reason that, as it determined on 12–8–94 in setting aside the judgment against Defendant DeWitt the Defendants had filed Motions to Dismiss and other reasons set forth on the record.

In announcing his ruling on the motion to set aside the judgment, the trial judge made various observations concerning the status of the case. His observations included:

The court recalls the occasion when Mr. Corbett appeared for a hearing on a motion to dismiss and opposing counsel was not there. And there was nothing in the file, no motion to dismiss in the file.

And that was that occasion when I did enter, at the request of the plaintiff's attorney, Mr. Corbett, the interlocutory judgment, believing at that time that that would prompt a defense attorney to become aware there was a clerical error someplace so that the file, that was the file that governs litigation under the Missouri Supreme Court Rules, might be corrected by that attorney.

Then, when the attorney, Mr. Fletcher, appeared along with the Defendant, William DeWitt, and the attorney for the plaintiff, Mr. Corbett, on the 8th of December of 1994, I accepted necessarily, when I set aside the judgment against Mr. DeWitt, the argument that ... a clerical error had been made. And that by some mistake, not of a party—because I don't accept that—but by some mistake of someone else that the motion to dismiss did not appear in the file that I had before me which constitutes the litigation under the Missouri Supreme Court Rules.

It would be entirely inconsistent for the Court now to say exactly the opposite, having said then that the motion to dismiss had been filed, ....

For those reasons, the judgment against the corporation—I want to say this. It's— there does not appear to be any authority on behalf of Mr. DeWitt to consent to a judgment against the corporation, so the judgment against the corporation and against the Defendant Shane, Defendant Haubein, and Defendant Sullivan is set aside. The motion to dismiss is overruled and an answer is required in twenty days.

1. Dr. Sullivan testified that he did not recall receiving Mr. DeWitt's letter. Dr. Shane denied

knowing anything about the litigation until February 1996.

Plaintiff contends the trial court erred in setting aside the judgment because requirements for setting aside a default judgment prescribed by Rule 74.05(d) were not met. The defendants respond by asserting, among other things, that the trial court did not err in setting aside the judgment because they were not in default at the time the judgment was entered; that a motion to dismiss had been filed in their behalf within 30 days of service of process upon each of them, and the motion had not been ruled upon at the time the judgment was entered.

The record on appeal reveals that prior to when the lawsuit that is the subject of this appeal, No. 192CC1118, was filed, there had been an earlier case, No. 191CC0590. Case No. 191CC0590 was filed by plaintiff on March 6, 1991. It asserted the same claim as was later asserted in case No. 192CC1118; however, the only defendant in the first case was William DeWitt. On April 30, 1992, plaintiff voluntarily dismissed the first case without prejudice. That same day plaintiff filed his petition in case No. 192CC1118.

The motion to dismiss that Mr. Fletcher filed was stamped "filed" by the circuit clerk June 1, 1992; however, the motion was not placed in the court file for case No. 192CC1118, the case pending in the Circuit Court of Greene County on that date. It was placed in the file of the case that had been dismissed April 30, case No. 191CC0590. A docket entry in case No. 191CC0590 dated June 1, 1992, states, "Defendants' Motion to Dismiss filed."

The legal file that is part of the record on appeal in this court contains a copy of the motion to dismiss. The motion includes a place for the case number to be inserted to the right of the caption. Immediately following the typewritten words, "Case No.," the handwritten number "191CC0590" appears. A line is drawn through the number. Below that number is another handwritten number, "192CC1118".

An interlocutory judgment (or order) of default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [Supreme Court] rules." Rule 74.05(b). A default judgment

may then be entered "upon proof of damages or entitlement to other relief." Rule 74.05(a).

Rule 55.01 identifies pleadings that are required in a lawsuit:

There shall be a petition and an answer; and there shall be a reply to a counter-claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party petition, if leave is given to summon a person who was not an original party; and there shall be a third-party answer, if a third-party petition is served.... No other pleadings shall be required except as ordered by the court.

An answer is due "within thirty days after the service of the summons and petition." Rule 55.25(a). However, "[t]he filing of any motion provided for in Rule 55.27 alters the time fixed for filing any required responsive pleadings." Rule 55.25(c). If a trial court denies a motion filed as permitted by Rule 55.27, the responsive pleading must be filed within 10 days after notification of the court's action "unless a different time is fixed by order of the court." *Id.*

Rule 55.27 permits, "at the option of the pleader," certain defenses to be made by motion. Those defenses include lack of jurisdiction over the subject matter; lack of jurisdiction over the person; failure to state a claim upon which relief can be granted; and failure to join an indispensable party, i.e., "a party under Rule 52.04." The motion that was filed on behalf of defendants but placed in the wrong case file alleged those defenses. The motion was pending until August 1, 1996, when it was denied by the trial court. The defendants were then allowed 20 days to answer.

Rule 74.05 permits an interlocutory order of default to be entered and a default judgment if parties against whom judgments or other affirmative relief is sought fail to plead or otherwise defend an action that has been brought against them. In this case the action had been defended by filing a motion to dismiss on behalf of the defendants. The motion remained pending. Defendants were not in default.

Rule 74.05(d) prescribes the procedure for seeking to set aside a default judgment. Plaintiff complains that the motion filed by defendants did not comply with Rule 74.05(d); that it did not include the allegations required in order for the trial court to set aside the judgment. *See Keltner v. Lawson*, 931 S.W.2d 477, 479 (Mo.App.1996). Plaintiff argues, therefore, that the trial court erred in granting the motion to set aside the judgment.

 Plaintiff's argument does not take into consideration the purpose of Rule 74.05. The rule provides the procedure for setting aside a judgment that has been entered when a timely response to a petition has not been filed. It establishes a means for extricating a defendant from a judgment entered under those circumstances.

These defendants were not in that category. A timely response to plaintiff's petition had been filed on their behalf. Since they were not in default, the judgment was improvidently entered. The trial judge set aside the judgment when this became known. The procedural requirements of Rule 74.05(d) do not contemplate the circumstances of this case. The trial court did not abuse its discretion in setting aside the judgment. There is no error. The order setting aside the judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.