**Dorian AMON, Plaintiff/Respondent,**

v.

**Velma Jean BAILEY, Defendant/Appellant.**

**No. ED 76179.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 1, 2000.

Rehearing Denied March 14, 2000.

---

Dorian Bell Amon, St. Louis, for Respondent.

C. John Pleban, and Michael Joseph Schaller, Law Office of Greenburg, Pleban & Fleming, St. Louis, for Appellant.

SHERRI B. SULLIVAN, Judge.

Velma Gene Bailey ("Defendant") appeals the April 19, 1999 Order and Judgment of the Circuit Court of the City of St. Louis denying her Motion to Set Aside Default Judgment. We reverse and remand.

On January 13, 1998, Plaintiff filed an eight count petition against Defendant alleging Unlawful Arrest, False Imprisonment, Malicious Trespass, Alienation of Affection, Slander, Defamation of Character, Malicious Prosecution, and seeking Punitive Damages. Defendant was served with process on January 31, 1998. Defendant was required to file her answer by March 3, 1998. Rule 55.25(a).[1] On March 5, 1998, Plaintiff moved for an order of default, as he had not received an answer and none was in the court file. On March 27, 1998, the trial court entered a Default Judgment against Defendant for failure to file an answer and awarded Plaintiff $50,-000 in damages on each count of the petition. On February 1, 1999, Defendant filed her Motion to Set Aside Default Judgment. On April 19, 1999, the trial court denied Defendant's motion. Defendant timely filed her appeal on April 29, 1999.

Defendant maintains the trial court erred and abused its discretion in denying Defendant's Motion to Set Aside Default Judgment because the Default Judgment had been improvidently entered in that Defendant timely filed her answer within thirty days of service of process. A trial court's order and judgment will be sustained on review unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

A defendant seeking to set aside a default judgment must show: (1) a meritorious defense to the action, (2) a good reason or excuse for the default, and (3) the plaintiff would not suffer injustice by setting aside the judgment. Rule 74.05(d), *Brinker v. Johnson,* 905 S.W.2d 526, 528 (Mo.App. E.D.1995). On appeal, the defendant must prove that the trial court abused its discretion in refusing to set aside the default. *Hellwege v. Lamb,* 739 S.W.2d 594, 595 (Mo.App. E.D.1987). Setting aside a judgment is traditionally within the discretion of the trial court, and that ruling will not be interfered with in the absence of an abuse of discretion. *Brueg-*

1. All rule references are to Missouri Supreme Court Rules (1999).

*gemann v. Elbert,* 948 S.W.2d 212, 214 (Mo.App. E.D.1997). The trial court's discretion not to set aside a default judgment is a good deal narrower than its discretion to set the judgment aside, and appellate courts are more likely to interfere when the trial court has denied the motion than when it has granted it. *Krueger v. Perez,* 764 S.W.2d 173, 174 (Mo.App. E.D.1989).

■ Interlocutory judgments on default are ordinarily made for failure to file an answer. *G.H. Kursar, D.O., Inc. v. Fleischer,* 602 S.W.2d 870, 872 (Mo.App. 1980). A party who has filed a responsive pleading is not in default, even upon failure to appear in court. *Shapiro v. Brown,* 979 S.W.2d 526, 528 (Mo.App. E.D.1998). Accordingly, it is generally improper procedure to default a party who has filed a response to a pleading. *Taylor v. Taylor,* 742 S.W.2d 630, 631 (Mo.App. E.D.1988); *Fleischer,* 602 S.W.2d at 872.

In the instant case, Defendant was required to file her answer by March 3, 1998. Rule 55.25(a). In considering Defendant's Motion to Set Aside Default Judgment, the trial court found that Defendant's answer, which had not been physically placed in the court file until May 27, 1998, was date stamped as being filed on February 24, 1998. The trial court recognized there was an issue as to possible date tampering, but determined it did not have enough evidence before it to resolve that issue. The court noted that occasionally, pleadings that are otherwise timely filed are not entered into the minutes and/or do not appear promptly in the court file. It specifically recited: "The [answer] apparently was not filed with the court until February 24, 1998." This constitutes a finding that the answer was filed on February 24, 1998.

Regardless of those matters, the court concluded that Defendant had not shown good cause and had not asserted her motion to set aside in a timely manner, and denied her motion. Although Defendant had filed her motion within one year, as required by Rule 74.05(d), the court found that she should have filed it earlier because a bill of costs for the default judgment had been prepared and addressed to Defendant on May 11, 1998. Defendant asserts that she did not learn of the default judgment until she saw it in her credit report in December 1998. The court also based its denial of Defendant's motion on the fact that she failed to serve a copy of her answer on Plaintiff as required by Rule 43.01(a).

Because the court explicitly found on the evidence before it that Defendant did, in fact, file an answer in a timely fashion, the Rule 74.05(d) test for setting aside the default judgment is inapplicable, because the default judgment was improper in the first place. *Taylor,* 742 S.W.2d at 631–632. Rule 74.05 permits an interlocutory order of default to be entered and a default judgment if the party against whom a judgment or other relief is sought fails to plead or otherwise defend an action that has been brought against her. *Faris v. Dewitt,* 947 S.W.2d 847, 850 (Mo.App. S.D. 1997). In *Faris,* the Court of Appeals, Southern District found that the defendants, whose motion to dismiss had been timely filed but placed in the wrong case file by the court, had filed a timely response to the petition and were not in default, so that the interlocutory judgment of default was improvidently entered and was properly set aside. *Id.* In the instant case, according to the trial court's finding from evidence in the record, Defendant filed her answer in a timely fashion. Defendant was not in default, and does not have to satisfy the procedure under Rule 74.05(d) for setting aside a judgment when a timely response to a petition has not been filed. *Id.* at 851.

Additionally, although in violation of Rule 43.01(a), we do not find any support for basing a default judgment on the failure to serve a copy of an answer upon a party opponent.

Accordingly, we find the Order and Judgment of the trial court denying Defendant's Motion to Set Aside Default Judg-

ment to be against the weight of the evidence that Defendant filed a timely answer and therefore a Default Judgment was improper. The Order and Judgment is reversed and remanded, with directions to set aside the Default Judgment.

CRANE, P.J., and ROBERT G. DOWD, Jr., J., concur.