

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| A.R.J., | ) | No. ED106784 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable John N. Borbonus |
| C.M.L., | ) | |
| | ) | |
| Respondent. | ) | FILED: April 2, 2019 |

## Introduction

A.R.J. ("Mother") appeals from the trial court's judgment (the "2016 Judgment") granting sole legal custody of minor child ("Child") to C.M.L. ("Father"). On appeal, Mother argues that the trial court lacked personal jurisdiction to enter the 2016 Judgment because service was improper. Because service on Mother was proper, we refuse to void the 2016 Judgment for lack of personal jurisdiction. We affirm the trial court's judgment.

## Factual and Procedural History

Mother and Father had Child, now age six, together; Mother and Father never married. After substantial litigation and various temporary orders, the trial court entered a consent judgment of paternity and custody on December 12, 2014 ("2014 Paternity Judgment"). The 2014 Paternity Judgment provided Mother and Father joint legal and physical custody of Child.

On May 12, 2015, Father moved for a temporary restraining order ("TRO") and a motion for preliminary injunction seeking immediate legal and sole physical custody of Child following Mother's failure to return Child to Father's custody as required by the 2014 Paternity Judgment. Father subsequently filed a separate motion seeking to modify the provisions of child custody and child support set forth in the 2014 Paternity Judgment.[1] Father alleged in the motion to modify that Mother failed to return Child to his custody, told Father via telephone that she and Child were in California, and Mother and Child were not planning to return to Missouri. Further, Father claimed that Mother prevented Father from speaking with Child and refused to give Father the address where Child resided. On May 27, 2015, the trial court granted the preliminary injunction and TRO in favor of Father.

Subsequently, on June 15, 2015, Mother moved to dismiss the preliminary injunction and TRO. On June 26, 2015, Mother's counsel entered a limited entry of appearance, attached to a motion to set aside the preliminary injunction and TRO.

Father's process server made eight attempts to serve his motion to modify between July 6, 2015 and July 25, 2015. However, Mother was not able to be located or served. On August 27, 2015, Mother's counsel moved to withdraw her limited appearance. Father served Mother's counsel with a copy of the motion to modify and required forms on September 2, 2015 and also mailed a copy of the motion to modify and required forms to Mother's last known address in Missouri and Mother's P.O. Box in California, as well as emailed the same to Mother's personal email address. The trial court granted Mother's counsel's withdrawal on September 4, 2015.

---

[1] The 2016 Judgment clarifies that Father originally filed his motion on May 13, 2015. However, the trial court returned Father's motion on May 20, 2015 with directions that Father file it as a separate document from the preceding Judgment. On May 21, 2015, Father refiled the motion. The trial court again returned the motion to Father on May 27 due to clerical mistakes; Father corrected the issues and refiled the motion the same day. Because the errors were merely clerical, we treat Father's motion to modify as filed on May 13, 2015. See Mo. R. Civ. P. Rule 103.06(e) (2018); State ex rel. Isselhard v. Dolan, 465 S.W.3d 496, 499 (Mo. App. E.D. 2015) (finding the clerk cannot reject a petition for minor technical deficiencies).

Father also moved for an order of publication, but subsequently dismissed said motion after receiving a letter from the California Secretary of State's Safe at Home Program on September 16, 2015. The letter designated the Safe at Home Program as Mother's agent for services of process and mail receipt, effective September 16, 2015. Father then requested appointment of special process servers, providing five names in San Diego, California who all worked for CalExpress Attorney Services ("CalExpress"): James Koontz, Kevin Veasley, Tom Reinhardt, Michael Walker, and Carl Walker. On September 29, 2015, Mary Nicolai from CalExpress served the summons for the motion to modify upon the Safe at Home Program. Mary Nicolai's affidavit acknowledging service was not notarized.

The trial court set a settlement conference hearing for November 4, 2015; Mother failed to appear. The trial court set the matter for trial on December 11, 2015. Mother again failed to appear. The trial court requested the parties submit proposed findings no later than January 10, 2016. On December 12, 2015, Mother filed a writ of habeas corpus, a request for temporary stay, an objection to the motion to modify, and a motion to quash for lack of jurisdiction. In her writ of habeas corpus, Mother contested the trial court's authority to exercise personal jurisdiction over her in this matter.

On January 11, 2016, the trial court issued the 2016 Judgment modifying the terms of the 2014 Paternity Judgment and awarding Father sole physical and legal custody of Child with Mother having supervised visitations. In the 2016 Judgment, the trial court noted that between May 11, 2015, when Father alleged Mother left for California, and May 23, 2015, when Mother was arrested in California, Child and Mother's whereabouts were unknown and undiscoverable. On February 11, 2016, Mother moved for a new trial or to amend the preliminary injunction, TRO, and custody judgment, which was denied as untimely filed. The 2016 Judgment became

final on May 11, 2016. Subsequently, Mother moved to set aside and declare the 2016 Judgment as void for lack of personal jurisdiction, which the trial court also denied. Mother now appeals.[2]

## Standard of Review

We review an appellant's challenge to whether the trial court's order is void for lack of personal jurisdiction de novo. Bate v. Greenwich Ins. Co., 464 S.W.3d 515, 517 (Mo. banc 2015). "Finality of judgments is favored and the concept of a void judgment is narrowly restricted." Id. at 517 (citing Goins v. Goins, 406 S.W.3d 886, 891–92 (Mo. banc 2013)).

## Points on Appeal

Mother raises two points on appeal, each alleging error because the trial court lacked personal jurisdiction to enter the 2016 Judgment due to Father's failure to properly serve Mother with summons. Mother first claims deficient service of process because the special process server appointment did not list the individual who purportedly accomplished service, and the authority to serve process cannot be delegated. Mother next challenges service of process because the return of service did not contain, nor was it accompanied by, an affidavit from the individual who purportedly accomplished service.

---

[2] Mother appeals from an order labeled "Full and Final Judgment Nunc Pro Tunc Denying Petitioner's First Amended Motion to Set Aside and Declare as Void the Judgment of Modification Entered January 16, 2016." "The purpose of a nunc pro tunc amendment is to correct clerical mistakes made in recording the judgment rendered." Keck v. Keck, 996 S.W.2d 652, 654 (Mo. App. E.D. 1999) (internal quotations omitted). "The nunc pro tunc process is generally an inappropriate mechanism to convert an order into a judgment because such changes relate back to the original judgment." Chastain v. Geary, 539 S.W.3d 841, 846 (Mo. App. W.D. 2017). "Despite the well-discussed concerns and uncertainties attendant to the use of nunc pro tunc amendments to convert a previous ruling into a final judgment, our Supreme Court has allowed an appeal to proceed where 'it [was] clear that the trial court intended to finalize the judgment for purposes of appeal' by entering a nunc pro tunc order to retitle an order as a judgment." Id. (quoting Brooks v. Brooks, 98 S.W.3d 530, 532 (Mo. banc 2003)). Here, the trial court entered a final judgment on April 30, 2018 denying Mother's first amended motion. However, the trial court erroneously inserted Mother's case heading. Thereafter, the trial court filed the nunc pro tunc order on May 9, 2018 to correct the clerical error. It is clear that the trial court intended to finalize the judgment for purposes of appeal by reentering the judgment with the proper case heading. See Brooks, 98 S.W.3d at 532. The judgment is final and appealable.

4

<u>Discussion</u>

We address Points One and Two collectively as both points attack the validity of the 2016 Judgment for lack of personal jurisdiction due to inadequate service of process.

"Proper service of process is a prerequisite to personal jurisdiction. A court lacks the power to adjudicate when the requirements for proper service of process are not met." <u>Killingham v. Killingham</u>, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017) (internal quotations omitted). "This Court must first look to applicable statutes and rules to determine whether effective service of process was made." <u>Bate</u>, 464 S.W.3d at 517.

Father was required to serve Mother with the motion to modify. Rule 43.01(a)(2).[3] Father attempted service on Mother through Mother's legal counsel—but only after said counsel filed a motion to withdraw her representation. Father also attempted service through CalExpress, Mother's personal email, and mailing to Mother's prior-known residence.

Father argues that service was proper on Mother when he served her legal counsel in Missouri. We recognize that "[t]he primary purpose of a registered agent is to accept, on behalf of its client, service of process" and "[a]n attorney-client relationship is an agency relationship." <u>Sieg v. Int'l Envtl. Mgmt.</u>, 375 S.W.3d 145, 151 (Mo. App. W.D. 2012); <u>Robinson v. Dir. of Revenue</u>, 32 S.W.3d 148, 154 (Mo. App. S.D. 2000). The record shows that Father served Mother's counsel only *after* counsel filed a motion to withdraw her representation of Mother. We note that proper service may be accomplished upon an attorney who has filed an entry of limited appearance for an otherwise self-represented person "**[u]ntil the attorney files a termination of limited appearance**[.]" Rule 43.01(b)(2). The record indicates that Father served Mother with the motion to modify through Mother's counsel after counsel had filed a

---

[3] All Rule references are to Mo. R. Civ. P. (2018) unless otherwise noted.

5

motion to withdraw her limited entry of appearance. But the trial court had not granted said withdrawal and terminated counsel's representation of Mother prior to Father's service upon Mother's counsel. A literal reading of Rule 43.01(b)(2) suggests that Father's service of process through Mother's legal counsel was not valid, but we have found no caselaw specifically addressing this factual circumstance. Because we find service of process was proper through the Safe at Home Program, we need not determine the adequacy of service upon Mother's counsel.

Regarding Father's other service attempts, we look to Missouri rules governing service outside the state. Missouri service rules authorize Father to serve Mother outside Missouri through "personal[] serv[ice] upon [Mother] by the person authorized to serve process at that place." Section 506.510.[4] See also Sections 506.500, .520; Rule 54.14 (authorizing personal service by "a person authorized by law to serve process in civil actions within the state or territory where such service is made" or by "a person appointed by the court in which the action is pending."). Once service is completed, the process server must acknowledge the service through an affidavit, "stating the time, place and manner of such service. The court may consider the affidavit or any other evidence in determining whether service has been properly made." Rules 54.16, .20; see also T.L. v. Greene Cty. Juvenile Office (In the Interest of H.L.L.), 179 S.W.3d 894, 898 (Mo. banc 2005) (discussing service out of state by an officer).

Because Missouri mandates that outside-of-state service be governed by the requirements of the place where service is made, we review the validity of Father's service of process on Mother under California law. Sections 506.500, .510, .520; Rule 54.14. We first note that California's service requirements are more lax than those of Missouri. See City of Riverside v. Horspool, 223 Cal. App. 4th 670, 680 (2014). California merely requires a summons to be

---

[4] All Section references are to RSMo (2016) unless otherwise noted.

served "by any person who is at least [eighteen] years of age and not a party to the action." Cal. Code Civ. P. Section 414.10 (2015); City of Riverside, 223 Cal. App. 4th at 680. Further, the notice may be served by mail, facsimile transmission, or electronically. City of Riverside, 223 Cal. App. 4th at 680. "There is no requirement that the person serving notices or a summons must be a registered process server." Id.

The record before us shows that on September 2, 2015, Carl Walker declared that he attempted service on Mother eight times between July 6, 2015 and July 25, 2015. All attempts were unsuccessful. Subsequently on September 16, 2015, the Safe at Home Program sent Father a letter notifying him and the trial court that Mother designated the Safe at Home Program as her agent for service of process and mail receipt. On September 24, 2015, the trial court acknowledged the Safe at Home Program as Mother's agent for service of process and sent the Safe at Home Program a copy of Father's motion to modify. The trial court also approved Father's request for appointment of special process servers. The appointment named five special process servers from CalExpress: James Koontz, Kevin Veasley, Tom Reinhardt, Michael Walker, and Carl Walker. On September 30, 2015, CalExpress process server Mary Nicolai acknowledged successful service of Father's modification motion custody on Mother through the Safe at Home Program the previous day. The Safe at Home Program accepted service on Mother's behalf.

Mother now claims that because Father failed to name Mary Nicolai as one of the authorized process servers and because the affidavit of service was not notarized, service was improper. Mother's argument fails because Father effected service on Mother in California and Rule 54.14 requires us to review the validity of service under California's service-of-process laws. Rule 54.14. Notably, California's service requirements does not require the appointment

7

of a special process server. See City of Riverside, 223 Cal. App. 4th at 680. Nor is the filing of a notarized affidavit required to effect valid service in California. See id. Mary Nicolai was over eighteen and not a party to the case. Id.; Cal. Code Civ. P. Section 414.10. Mary Nicolai successfully served Mother through the Safe at Home Program, which thereafter acknowledged receipt of service on Mother's behalf. Service of process on Mother for Father's motion to modify the 2014 Paternity Judgment was proper. Accordingly, the trial court properly exercised personal jurisdiction over Mother. See Killingham, 530 S.W.3d at 635. Points One and Two are denied.

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.

8