

# In the Missouri Court of Appeals
## Eastern District
**DIVISION THREE**

| | | |
|---|---|---|
| MICHAEL J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. ED108434 |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH ZELLERS, in his | ) | Appeal from the Circuit Court |
| Official Capacity as Acting Director, | ) | of St. Charles County |
| Missouri Department of Revenue, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| VANTAGE CREDIT UNION, | ) | Honorable Michael James Fagras |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATHAN R. BEST, Individually | ) | Filed: October 20, 2020 |
| and as Trustee for the NATHAN R. | ) | |
| BEST LIVING TRUST, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

The defendant, Nathan R. Best, individually and as trustee for the Nathan R. Best Living Trust (collectively "Best"), appeals the default judgment entered by the Circuit Court of St. Charles County in favor of the plaintiff, Michael J. Williams. The trial court declared Williams the owner of the disputed 2012 Dodge Ram truck, subject to existing liens and encumbrances, and awarded Williams damages. Because the trial court erred in determining

the date on which Best was served; erred in relying on that date to find Best in default; and erred in entering a final "default" judgment against Best, we reverse and remand.

*Factual and Procedural Background*

Williams's petition alleges that in 2016 he purchased a 2012 Dodge Ram 3500 Mega Cab truck, and titled and registered the truck in his name with the Department of Revenue ("DOR"). Vantage Credit Union maintained a security interest in the truck in exchange for lending Williams the funds to buy it. On December 20, 2018, an individual using the name of Jonathan Miller approached Williams about purchasing the truck. Miller paid by check. After confirming that the money was deposited into his account and payment made on the Vantage loan, Williams allowed a purported employee of a local shipping company to take possession of the truck as previously agreed with Miller. On December 28th, Williams discovered that the funds received in payment for the truck had been withdrawn from his account because the check that Miller gave him was fraudulent. Williams reported the truck stolen to police.

Police recovered the truck on January 9, 2019, seizing it from Best. Best alleged that he purchased the truck for $19,200 cash from an unknown white male on December 26, 2018. Williams took possession of the truck, but was unable to obtain a replacement title from DOR. DOR had issued a certificate of title for the truck to Best. Best claimed he was the true and lawful owner, and demanded that Williams return the truck.

Williams filed his petition for declaratory judgment against Best, DOR, and Vantage on June 9, 2019, seeking a declaration of his ownership of the truck. On June 13, 2019, summonses were issued. On the same date, Williams mailed via certified mail the petition for declaratory judgment and summonses to Best's counsel, asking that Best acknowledge service, both individually and as trustee of the Best Trust, by signing and returning the

acknowledgment forms. Best's counsel received the petition and summonses on June 17th, but Best never signed and returned the forms acknowledging service pursuant to Supreme Court Rule 54.16.[1] DOR and Vantage were served with summonses, but Best was not.

On July 11, 2019, DOR filed an answer to the petition, and provided a proposed judgment to the trial court declaring Williams the owner of the truck. The trial court signed the proposed judgment on July 15th declaring Williams the owner of the truck without Best having been personally served or filing a responsive pleading. No notice of a hearing on or about July 15th appears in the court minutes.

On July 18, 2019, after the trial court had already declared the parties' rights, Williams requested the court issue alias summonses for Best as Williams had not received signed notice and acknowledgment of service. Alias summonses were issued, and Best was personally served on July 23, 2019 by the Perry County Sheriff's Department. Counsel entered his appearance for Best, and filed a motion to set aside judgment as void or in the alternative to set aside default judgment, along with a supporting affidavit from Best, on July 23rd. In his motion to set aside, Best argued that he had not been served in any capacity, that the trial court lacked jurisdiction to enter a judgment on July 15th, and that the judgment was void. In the alternative, he argued that he had not recklessly or intentionally impeded the judicial process, and that he had a meritorious defense as a good-faith purchaser for value. Best filed an answer and counterclaims against Williams the next day, July 24th.

Best's motion to set aside the judgment was argued August 16, 2019. This hearing was not conducted on the record, making it unclear as to what transpired. According to the parties' post-hearing briefing, the trial court may have orally denied Best's motion to set aside the

---

[1] Rule 54.16 provides for service by written acknowledgment of the receipt by mail of a summons and petition and corresponding waiver of personal service.

July 15th judgment as void, and *sua sponte* ordered the parties to brief the issue of setting aside the default judgment. In any event, it is undisputed that no party requested a default judgment. On August 27, 2019, the trial court entered an interlocutory order of default against Best, and set a hearing to determine damages for September 27, 2019.

At the September 27th hearing on damages, the trial court "revisited" Best's motion to set aside the July 15, 2019 judgment, and heard arguments regarding whether the August 27, 2019 judgment should be set aside. The court announced that "the Court is setting aside that initial judgment declaring ownership dated 15th of July, 2019 taking judicial notice that the order and judgment was entered on 8/27/19 against the Defendants Nathan R. Best and Trustee for the Nathan R. Best Living Trust." During the September 27th hearing, Williams agreed that the July 15th judgment was void, and argued that the trial court had set it aside and instead issued an interlocutory order of default on August 27th. Best countered that he was not properly served until July 23rd; that he then promptly filed his answer on July 24th, within the 30-day period allowed for his response; and that he was not in default because while service by mail was attempted, he did not sign and return the acknowledgment.

The trial court expressly declined to set aside its August 27th interlocutory order of default. Key to the trial court's determination was that Best's counsel orally confirmed during the August hearing that he received the petition and summonses via certified mail on June 17th. The trial court reasoned that counsel's oral confirmation constituted the required acknowledgment, and thus Best was properly served on June 17th. Because the 30-day period following June 17th expired several days before Best filed his answer on July 24th, the trial court then ruled once again that Best had defaulted, rejecting Best's oral motion to set aside the August 27th interlocutory order specifically.

4

The court then proceeded to hear argument regarding damages although Williams had not prayed for damages in his petition. Williams's attorney stated figures totaling $4,307.97 for insurance, estimated property taxes, and interest from the date Williams recovered possession of the truck to the date of the damages hearing; depreciation from December 23, 2018 until Williams was able to obtain a new title in his name; and out-of-pocket litigation costs. Williams did not testify to these expenses, nor does it appear that the court received documentary evidence.

On October 8, 2019, the trial court issued its judgment of default in favor of Williams with damages assessed against Best. The trial court found:

> Defendant Nathan R. Best, individually and in his capacity as Trustee of the Nathan R. Best Living Trust, was properly served on June 17, 2019; has filed his responsive pleadings and counterclaims on July 24, 2019; has failed to plead or otherwise defend in a timely manner as provided by the rules; and is hereby in default.

The court ordered that any title issued in the name of Best or the Best Trust for the 2012 Dodge Ram truck was void; that Williams is the true and lawful owner of the truck subject to any existing liens or encumbrances; that Best's counterclaims were dismissed with prejudice; and that Williams was awarded $4,307.97 in damages from Best. DOR and Vantage received the relief they sought in their respective answers to Williams petition. DOR had no interest in which party was declared the owner of the truck, only that one party or the other be declared the owner for titling purposes. Vantage wanted the trial court to protect its security interest in the truck, and the court, having found that Vantage had a security interest, did so in its judgment. Best appeals from the October 8, 2019 judgment.

*This Court's Appellate Jurisdiction*

As an initial matter, we address Williams's contention that our Court lacks jurisdiction to entertain Best's appeal for want of a final, appealable judgment. Williams argues that the

5

October 8, 2019 judgment neither disposed of the claims against the defendants Vantage Credit Union and Zellers, in his official capacity as acting DOR director, nor certified the claims against Best for immediate appeal under Rule 74.01(b). The October 8th judgment, however, declared Williams the owner of the truck subject to existing liens and encumbrances, awarded damages, instructed DOR to issue a title in Williams's name, and declared that Vantage has a security interest in the truck. DOR and Vantage each received the relief they prayed for in their answer, and Williams does not explain what rights, liabilities, or remedies remain to be determined for DOR and Vantage. The October 8th judgment is a final, appealable judgment because it resolves all issues in the case, leaving nothing for future determination.

*This Court's Authority to Entertain the Appeal*

Williams next argues, in conjunction with Point I, that our Court has no authority to entertain Best's appeal because no party filed a motion to set aside the default judgment. The trial court entered the July 15, 2019 judgment declaring ownership of the truck without proper service on Best. Best then filed a motion to set aside judgment as void or in the alternative set aside default judgment. The trial court heard arguments on Best's motion on August 16, 2019, and after receiving the parties' briefing, entered an interlocutory order of default against Best on August 27th.

At the September 27, 2019 hearing for damages, the trial court "revisited" Best's motion to set aside. The court expressly set aside the July 15th judgment as void, and ruled that it would not set aside the August 27th interlocutory order of default against Best, which the court "relate[d] back" to the expiration of the 30-day period following June 17th. Best's counsel orally moved to set aside the August 27th interlocutory order of default specifically,

6

but the trial court declined to do so. While a written motion is preferred, an oral motion in open court is sufficient. *Chapman v. Commerce Bank of St. Louis*, 896 S.W.2d 85, 87 (Mo. App. E.D. 1995).

In any event, as explained more fully under Point I, when a defendant timely files an answer, the Rule 74.05(d)[2] test for setting aside a default judgment does not apply because entry of a default judgment was improper in the first place. *Mosby v. West-Anderson*, 363 S.W.3d 397, 400 (Mo. App. W.D. 2012); *Amon v. Bailey*, 13 S.W.3d 305, 307 (Mo. App. E.D. 2000). We have authority to adjudicate Best's appeal.

*Discussion*

The trial court determined that Best was properly served under Rule 54.16 on June 17, 2019; that the period for filing a responsive pleading expired 30 days thereafter; that Best did not file his answer until July 24th; and that Best defaulted as a result. Best challenges the trial court's judgment of default entered against him October 8, 2019, presenting three points on appeal. First, Best claims the trial court erred in determining that he was properly served on June 17, 2019, and by extension that his July 24, 2019 answer was untimely. In his second point, Best asserts the trial court erred in finding that he was in default because under Missouri common law, Best was free to file an answer at any time before Williams moved for an interlocutory order of default, which Williams never did. Finally, Best claims the trial court erred in declining to set aside the default judgment because he had good cause and a meritorious defense.

---

[2] Rule 74.05(d) provides in pertinent part that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside."

*Standard of Review*

Supreme Court Rule 74.06(b) applies to default judgments. *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo. App. E.D. 2003). We review *de novo* a challenge that the trial court's judgment is void for lack of personal jurisdiction. *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015).; *A.R.J. v. C.M.L.*, 575 S.W.3d 738, 741 (Mo. App. E.D. 2019).

Statutory interpretation is also a question of law that we review *de novo*. *Henry v. Piatchek*, 578 S.W.3d 374, 378 (Mo. banc 2019). When interpreting a statute, we must ascertain the intent of the legislature from the language used, and if possible, we give effect to that intent. *State v. Haynes*, 564 S.W.3d 780, 784 (Mo. App. E.D. 2018). We give the language used its plain and ordinary meaning. *Id.* We resort to statutory construction only if the language is ambiguous; otherwise, we must give effect to the statute as written. *Id.* A statute is considered ambiguous only when we cannot ascertain the intent of the legislature from the language of the statute by giving the language its plain and ordinary meaning. *Id.* We interpret Supreme Court Rules by applying the same principles we use for interpreting statutes. *Henry*, 578 S.W.3d at 378.

Finally, in a court-tried case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Amon*, 13 S.W.3d at 306.

*Point I*

In his first point, Best claims the trial court erred in determining that he was properly served on June 17, 2019, and thus his answer was not timely filed. Best argues that his counsel's oral confirmation of receipt by certified mail of Williams's petition and the

summonses does not constitute the acknowledgment required under Missouri Supreme Court Rules for proper service. As a result, Best maintains that he was not properly served until July 23, 2019, and he was not in default because he filed his answer the next day. We agree.

"A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process." *Bate*, 464 S.W.3d at 517. "Proper service of process is a prerequisite to personal jurisdiction. A court lacks the power to adjudicate when the requirements for proper service of process are not met." *A.R.J.*, 575 S.W.3d at 741 (quoting *Killingham v. Killingham*, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017)). Actual notice does not suffice to confer jurisdiction. *O'Hare*, 113 S.W.3d at 289. Rather, service of process must conform to the manner established by law to properly invoke the court's jurisdiction. *Bate*, 464 S.W.3d at 517. We first look to applicable statutes and rules to determine whether effective service of process was accomplished. *Id.*

Section 506.150.1(1) RSMo. (2016)[3] provides that service on an individual shall be made "by delivering a copy of the summons and of the petition to him personally or by leaving a copy of the summons and of the petition at his dwelling house or usual place of abode with some person of his family over the age of fifteen years . . . ." In nearly identical language, Missouri Supreme Court Rule 54.13(b)(1) states that service on an individual is generally accomplished "by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years . . . ."

The rule continues:

---

[3] All statutory references are to RSMo. (2016).

> When a defendant shall *acknowledge in writing*, *endorsed on the process, signed by the defendant's own proper signature, the service of such process, and waive the necessity of the service thereof by an officer*, such acknowledgment shall be deemed as valid as service in the manner provided by law. *Acknowledgment of service by mail may also be made as provided in Rule 54.16.*

Rule 54.13(c) (emphases added); *see also* section 506.150.2 (containing substantially similar language). As referenced, Rule 54.16 provides for acknowledgment of service by mail and waiver of personal service:

> Service of the summons and petition upon a resident or nonresident defendant of any class referred to in Rule 54.13(b)(1)(2) or (3) may be made by mailing a copy of the summons and petition by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Civil Procedure Form 4B or Civil Procedure Form 4C and a return envelope, postage prepaid addressed to the sender. *If no acknowledgment of service under this Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule.* Unless good cause is shown for not doing so, the court shall order the payment of costs of service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons.

(Emphasis added). Likewise, section 506.150.4 states that failure to return the acknowledgment of service form to the sender within thirty days after mailing requires service to be made as otherwise provided by statute or Supreme Court Rule. The court may order the person served to pay the costs of personal service under such circumstances. Sec. 506.150.4.

The acknowledgment notice that Williams asked Best to sign and return substantially conformed to Civil Procedure Form 4B, and provided in relevant part:

> You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of June 13, 2019.

> * * *

> If you *do not* complete and return the form to the sender within thirty days, you . . . may be required to pay any expenses incurred in serving this affidavit [sic] in any other manner permitted by law.

> If you do complete and return this form, you . . . must answer the affidavit [sic]

10

within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the affidavit [sic].

Emphasis added.

Here, it is undisputed that counsel for Williams mailed the petition, summonses, and notices with acknowledgment forms to counsel for Best on June 13, 2019, and that opposing counsel received these by certified mail on June 17th. As stated in section 506.150.4, Rule 54.16, and the notices for service by mail, Best then had thirty days—until July 13th—to sign and return the acknowledgment forms. If Best chose not to sign and return the acknowledgment forms within 30 days, the next step was for Williams to obtain personal service on Best in accord with section 506.150.1(1) and Rule 54.13(b)(1), which is precisely what Williams did on July 18, 2019 when he requested alias summonses to issue, and Best was served on July 23rd. In the meantime, the trial court had already entered judgment on July 15th declaring Williams the legal owner of the truck. "Proper service of process is a prerequisite to personal jurisdiction." *A.R.J.*, 575 S.W.3d at 741. The trial court had no personal jurisdiction over Best until July 23, 2019 when the alias summonses were personally served by the Perry County Sheriff's Office.

According to the plain language of section 506.150.4 and Rule 54.16, if a defendant does not sign and return the form to acknowledge service by mail in a timely manner, "service of the summons and petition *shall* be made as otherwise provided" by statute or rule. (Emphasis added). Delivery by mail of the acknowledgment, in itself, is not enough to support the exercise of personal jurisdiction over the defendant. *Cook v. Polineni*, 967 S.W.2d 687, 693 (Mo. App. E.D. 1998). "By the express terms of the service by acknowledgment

11

provisions, defendant must complete and return to the sender the acknowledgment before service in that manner may be effective." *Id*.

Bearing the cost of personal service is the only sanction provided in section 506.150.4 or Rule 54.16 for a defendant who fails to timely sign and return the acknowledgment form. Neither the statute nor the rule contains a provision for simply deeming the defendant in default for failing to sign and return the acknowledgment form within 30 days. Rather, the defendant must be served as provided by section 506.150 or Supreme Court Rule. Under both the rule and the statute, the court shall order the defendant to pay the costs of service unless he can show good cause for declining to acknowledge service sent by mail. Sec. 506.150.4; Rule 54.16. The court can neither compel the defendant to waive personal service nor penalize him by entering a default judgment against him for failing to acknowledge receipt of the petition and summons via mail.

Nothing in section 506.150 or Rule 54.16 provides for entry of a default judgment under such circumstances, and to interpret the statute and rule in this manner would require us to add words to the statute and corresponding rule. This we cannot do. "[W]e will not add words to a plainly-worded statute to alter its meaning." *Haynes*, 564 S.W.3d at 784.

In addition, as stated by our Court in *Chapman v. Commerce Bank of St. Louis*, the acknowledgment form that Williams sent to Best along with the summons and petition provides for entry of a default judgment only for failure to timely file an answer after acknowledging service by mail, not for mere failure to return the acknowledgment. 896 S.W.2d at 87-88.

> Bank argues the last sentence allows a default judgment to be taken if the acknowledgment is not returned within thirty days. We do not agree. *Form 4B provides two separate remedies for two separate omissions*. If the party receiving service by mail does not return the acknowledgment within thirty days, that party may

12

be responsible for the costs associated with service via another avenue. The next paragraph explains that *if the acknowledgment is returned, but a responsive pleading is not filed within thirty days of the execution of the acknowledgment, a default judgment may then be taken* against the party served.

*Id*. (Emphases added).

Here, the trial court determined that Best was properly served on June 17, 2019 because Best's counsel orally confirmed in court that he had received the summonses and Williams's petition on that date. Best never signed and returned the acknowledgment forms as expressly required by section 506.150.4 and Rule 54.16, but the trial court determined that the oral confirmation of receipt by Best's counsel sufficed nonetheless. Based on this determination, the trial court found that Best's answer of July 24th was filed beyond the 30-day response period, thus rendering Best in default.

The trial court erred in determining that Best was properly served on June 17, 2019 by virtue of his counsel's receipt of the petition and summonses by mail. We recognize, as the trial court noted, that Best's counsel admitted he received the notice, thereby alerting him and his client to Williams's suit. However, actual notice is not sufficient. *O'Hare*, 113 S.W.3d at 289; *Chapman*, 896 S.W.2d at 88. It is well established in Missouri that "[p]roper service of process is a prerequisite to personal jurisdiction. A court lacks the power to adjudicate when the requirements for proper service of process are not met." *A.R.J.*, 575 S.W.3d at 741. Service of process must conform to the manner established by law to properly invoke the court's jurisdiction. *Bate*, 464 S.W.3d at 517.

Best was personally served on July 23, 2019 in a manner sufficient to invoke the trial court's personal jurisdiction over him, but this does not render the trial court's subsequent entry of a default judgment proper. Following service on July 23rd, Best had 30 days in which to file an answer, making his answer due August 22, 2019. Rule 55.25(a). Best filed his

13

answer on July 24th, the day after service was made. We recognize that Rule 74.05 permits the court to enter a default judgment if the party against whom a judgment or other relief is sought fails to plead or otherwise defend an action that has been brought against him. *Amon*, 13 S.W.3d at 307. Interlocutory judgments of default are ordinarily entered for failure to file an answer. *Id*. However, a party who has filed a responsive pleading is not in default; thus, it is generally improper procedure to default a party who has filed a response to a pleading. *Id*. When the defendant timely files an answer, the Rule 74.05(d) test for setting aside a default judgment does not apply because entry of the default judgment was improper in the first place. *Mosby*, 363 S.W.3d at 400.

The trial court disregarded Best's personal service on July 23rd, ruling instead that Best was properly served on June 17th. The court proceeded as if counsel's receipt of the petition and summonses in itself conferred personal jurisdiction on Best even without the written acknowledgment required by section 506.150.4 and Rule 54.16. The trial court erroneously declared and applied the law when it determined that Best was properly served on June 17th. Actual notice is insufficient. *Chapman*, 896 S.W.2d at 88.

Compounding its erroneous determination of the date of Best's service, the trial court erroneously applied the law when it determined that Best's July 24th answer was untimely because it was filed more than 30 days after his counsel received the petition and summonses by mail. "*[I]f the acknowledgment is returned*, but a responsive pleading is not filed within thirty days of the execution of the acknowledgment, a default judgment may *then* be taken against the party served." *Id*. at 87-88 (emphases added). However, these are not the facts here. The trial court entered its order of default, relating the order back to a time when proper service was not yet made and the court lacked personal jurisdiction over Best. When, as here,

14

the defendant filed a timely answer, the trial court's entry of a default judgment and denial of a motion to set aside must be reversed, regardless of any showing of good cause and a meritorious defense. *Mosby*, 363 S.W.3d at 400. We grant Best's first point.

*Points II and III*

Our resolution of Best's first point is dispositive; therefore, we need not consider his second and third points.

*Conclusion*

The trial court lacked personal jurisdiction over Best prior to July 23, 2019 when Best was personally served by the Perry County Sheriff's Office. We hold the trial court erred in determining that Best was served on June 17, 2019; erred in finding that Best defaulted when he did not file an answer within 30 days after June 17th; and erred in improperly entering a default judgment against Best. Accordingly, we reverse the trial court's entry of judgment of default against Best, and remand the cause for further proceedings consistent with this opinion.[4]

_____
Angela T. Quigless, P.J.

Kurt S. Odenwald, J. and
James M. Dowd, J., concur.

---

[4] We make no determination regarding the merits of the parties' respective positions as to ownership of the truck.